## WILLIAMS *v.* NESBIT.

PROMISSORY NOTE.—*Complaint by Endorsee Against Endorser.*—*Diligence in Suing Maker.*—In an action by an endorsee, against an endorser, of a promissory note, the complaint alleged, that, immediately on the maturity of the note, at the first term of the court having jurisdiction, the plaintiff sued, procured due service of process on, and obtained judgment against, the maker, on the note.

*Held,* on demurrer, that the plaintiff used due diligence in suing the maker.

SAME.—*Insolvency.*—*Surplusage.*—Where, in such action, the complaint alleges facts showing due diligence by the plaintiff in suing the maker, obtaining judgment, and issuing an execution which is returned *nulla bona,* any allegation of the insolvency of the maker is mere surplusage.

SAME. -*Dates.*—Such complaint should clearly specify the dates of the judgment and execution.

SAME.—*Evidence.*—*Proceeds of Bankrupt Maker's Estate.*—It is not competent for the defendant, under issue formed on such complaint, to prove that the estate of the maker in bankruptcy would pay a percentage of his debts.

SAME.—*Judgment.*—*Execution.*—*Case Distinguished.*—The judgment and execution against the maker are competent evidence against the endorser, and they can not be attacked collaterally. *McCormack* v. *The First National Bank, etc.*, 53 Ind. 466, distinguished.

PLEADING.—*Blanks.*—*Dates.*—*Amounts.*—The omission, from a pleading, of material dates and amounts is a violation of the rules of good pleading.

SUPREME COURT —*Brief.*—*Waiver of Error.*—Error which is not discussed in the Supreme Court, in the brief of the party assigning it, is waived.

From the Hamilton Circuit Court.

*D. Moss*, for appellant.

*G. H. Voss* and *W. B. Smith*, for appellee.

NIBLACK, J.—This was an action by Joseph Nesbit, as assignee, against Thomas N. Williams, as assignor, of a promissory note executed by William Hartman and Charles W. Heady to the said Williams.

The complaint was in two paragraphs. The first paragraph alleged, that, at the time of the maturity of the note, the makers, Hartman and Heady, were openly and notoriously insolvent; wherefore a suit against them would have been unavailing.

The second paragraph stated, substantially, that, on the 24th day of July, 1874, the said William Hartman and Charles W. Heady, by their promissory note of that date, promised to pay the defendant, in twenty-four months from date, the sum of three hundred and ninety-nine dollars, with ten per cent. interest after maturity and reasonable attorney's fees if suit were instituted on said note, without relief from valuation or appraisement laws; that, after the execution of said note and before the maturity thereof, the defendant transferred said note to the plaintiff by his indorsement, in writing, on the back thereof, in the words following, "Thomas N. Williams;" that, immediately after the maturity of said note, the plaintiff filed a complaint

Williams *v.* Nesbit.

thereon in the September term, 1876, of the Hamilton Circuit Court, the makers thereof residing at the time in Hamilton county, and that being the first court that commenced after the maturity of said note having jurisdiction over the subject-matter thereof; that such proceedings were had upon said complaint in said court as resulted in a judgment, in proper form, against each of the makers of said note, on the 19th day of September, 1876, for four hundred and two dollars and thirty-five cents, principal and interest, and twenty dollars and fifteen cents, attorney's fees, together with all costs and charges therein laid out and expended, taxed at ——— dollars and ——— cents,— all without relief from valuation or appraisement laws; that the plaintiff thereupon caused execution to issue on said judgment, on the ——— day of October, 1876, to the sheriff of said county of Hamilton, commanding him to make the amount thereof out of any property belonging either to the said Hartman or Heady in his bailiwick subject to execution; that said sheriff, after making a demand for payment of said execution, and failing to find any property whereon to levy, returned said execution *nulla bona;* that neither of said judgment debtors has any property in this State subject to execution, but both are openly and notoriously insolvent; that the costs of the said suit, amounting to ——— dollars and ——— cents, have been paid by the plaintiff to the proper officers of said court.

The defendant demurred separately to each paragraph of the complaint, but his demurrer was overruled.

Issue being joined, the cause was tried by the court without a jury.

The court, finding for the plaintiff on the second paragraph of the complaint, assessed his damages at four hundred and thirty-nine dollars and ten cents, and, after overruling a motion for a new trial, rendered judgment in his favor upon the finding.

The appellant, the defendant below, has assigned for error the overruling of the demurrer to the second paragraph of the complaint, and the overruling of his motion for a new trial.

As to the alleged insufficiency of the second paragraph of the complaint, the appellant says : " Tt fails to show—

" 1st.  Diligence in commencing the suit ; or,

" 2d.  Notorious insolvency at the date of the maturity of the note."

And this constitutes his whole argument against the sufficiency of that paragraph.

The objections, thus urged by the appellant, are not well taken.   The allegations of this second paragraph of the complaint, though not so formally made as they might have been, still we think substantially show that suit was commenced on the note, for the September term, 1876, of the Hamilton Circuit Court, the first term of such court after the maturity of the note, and in time to obtain a judgment upon the note at that term.   As regards the time of the commencement of the suit, therefore, due diligence was sufficiently shown.   *Roberts* v. *Masters*, 40 Ind. 461.   What was said in the second paragraph of the complaint, in relation to the open and notorious insolvency of Hartman and Heady, was mere surplusage, not being germane to the rest of the paragraph, and any other allegation on that subject would have been surplusage for the same reason.

It is unnecessary for us now to say what our ruling might have been, if the objection had been made to the second paragraph of the complaint, that due diligence was not shown in issuing the execution against Hartman and Heady on the judgment obtained against them.   It may not be amiss for us to remark, however, that good pleading abhors a blank in a date constituting a part of an essential averment, as much as nature was ever thought to abhor a vac-

uum in the material world, and the very frequent practice of leaving blanks in pleadings, when referring to dates and sums, where such dates and sums are material parts of the pleading, can not be too severely reprehended.

It is contended, that, as there was evidence upon the trial tending to show that the estates of Hartman and Heady, in bankruptcy, would be able to pay a per centum, in some amount, upon the debts proved against them, the court erred in finding against the appellant upon his indorsement. But, under the issue tendered by the second paragraph of the complaint, it was immaterial what the bankrupt estates of Hartman and Heady would pay, if any thing. In that paragraph it was alleged that a judgment had been obtained in due time; that an execution on such judgment had been issued with a diligence not complained of by the appellant; and that a return of *nulla bona* had been properly made to the execution. These were sufficient to fix the appellant's liability upon his endorsement, if proved upon the trial, without going into the question whether some other means might have been more effectual.

Upon the trial the judgment against Hartman and Heady, above referred to as obtained in the Hamilton Circuit Court, at its September term, 1876, and the execution issued thereon, were, amongst other things, admitted in evidence, over the objection of the appellant.

As to the admission of that execution in evidence, the appellant, in his brief, says : " The court erred in allowing execution issued on void judgment to be introduced in evidence to excuse the want of diligence," and refers to the case of *McCormack* v. *The First National Bank of Greensburgh*, 53 Ind. 466. This is the only reference he makes either to the judgment or execution, in his brief. In this reference to the judgment, no objection to its validity is

pointed out, and hence no question upon its validity is raised here. There is an important difference, at all events, between the case of *McCormack* v. *The First National Bank of Greensburgh, supra,* and the case at bar. That case was a direct proceeding to review the judgment. In this case the appellant seeks to attack the judgment in evidence collaterally only, a much weaker method of attack than a direct proceeding. *Evans* v. *Ashby,* 22 Ind. 15.

No sufficient reason has been shown for a reversal of the judgment.

The judgment is affirmed, at the costs of the appellant.