## BESSIE T. CLYDE vs. C. D. JOHNSON.

Opinion filed March 19th, 1894.

**Service By Mail.**

When a paper is served by mail, the time of such service is the date of mailing, and service by mail cannot be converted into personal service by showing the actual date at which the paper was taken from the post office by the party to whom it is addressed.

**Waiver of Irregularity in Service.**

Where a pleading is served too late, the irregularity in the service is waived by the retention and nonreturn of the copy delivered.

**Action for Surplus on Foreclosure—Pleadings.**

Under § 5424, Comp. Laws, the sheriff, after making a foreclosure sale by advertisement, where a surplus remains in his hands arising upon such sale, is required to pay over such a surplus on demand "to the mortgagor, his legal representatives or assigns." *Held*, where it appears that the mortgáge under which the sale was held was executed by two parties as mortgagors, that one of such parties cannot, as mortgagor, maintain an action for any surplus arising on the sale, without alleging that the entire right to the surplus had been transferred to the party bringing the action.

**Time When Material Must be Alleged.**

Ordinarily the time when facts happen is not material, and hence need not be alleged in a pleading; but where the time when a fact occurred is essential to the cause of action or defense, the statement of the fact, without stating the time of its occurrence, is sufficient on demurrer.

**Transfer of Title After Sale by One of Two Mortgagors.**

Accordingly *held*, where it was alleged in the complaint that the title to the mortgaged premises was, after the mortgage was executed, transferred by one of the mortgagors to the other, but it did not appear when such transfer was made with reference to the date of the foreclosure sale, that the complaint is demurrable for insufficiency. The ommission to aver the date of the transfer of title was fatal, because the time was essential to the right of action. If the transfer was made subsequent to the foreclosure sale, such transfer would not itself operate to assign to the grantee the right to the surplus which vested in the mortgagors jointly on the day the sale occurred. Mere transfer of title after sale will give no right of action for the surplus to the grantee.

Appeal from District Court, McIntosh County; *Lauder*, J.

Action by Bessie T. Clyde against C. D. Johnson to recover the surplus arising from the forclosure of a mortgage. From an order sustaining a demurrer to the complaint, plaintiff appeals.

Affirmed.

*A. W. Clyde*, for appellant.

For the purposes of demurrer the complaint must be liberally construed, every reasonable intendment is in its favor. The demurrer cannot take the place of a motion to make more definite and certain. Comp. Laws, 4924, 4925, *Morse* v. *Gillman*, 16 Wis. 533; *Flanders* v. *McVickers*, 7 Wis. 377; *Roe* v. *Lincoln*, 56 Wis. 66; *Redman* v. *Ins. Co.*, 51 Wis. 298; *Grannis* v. *Hooker*, 29 Wis. 66; Pomeroy's Rem. § 549. An action lies at the suit of the mortgagor or his legal representatives or assigns for the surplus arising from foreclosure sale. Comp. Laws, 5424, *Johnson* v. *Day*, 2 N. D. 297; *Millard* v. *Truax*, 10 N. W. Rep. 358; *Kennedy* v. *Brown*, 15 N. W. Rep. 498.

*M. F. Mason* and *A. S. Drake*, for respondent.

When the service of a paper by one party has the effect of setting time to run against the opposite party, the time which thus begins to run shall be twice as long when the service is by mail as when made personally. 5331 Comp. Laws; *Dorlon* v. *Lewis*, 7 How. Pr. 132; *Cusson* v. *Whalon*, 5 How. Pr. 305; *VanHome* v. *Montgomery*, 5 How. Pr. 238; *Washburne* v. *Herrick*, 4 How Pr. 15; 4 Waits Practice, 620. When demurrer was served too late the delay was waived by not returning the copy served. *Rogers* v. *Rockwood*, 13 N. Y. Supp. 939. It is alleged that plaintiff is mortgagor and is entitled to surplus by virtue of a deed of conveyance of the property sold to her made and delivered by A. W. Clyde. It is not alleged that A. W. Clyde so conveyed before the sale made by the defendant sheriff. *C. Aultman & Co.* v. *Siglinger*, (S. D.) 50 N. W. Rep. 911.

WALLIN, J. In this action the summons was served without the complaint. Defendant appeared by his attorneys, who caused notice of appearance to be served upon plaintiff's attorney, and demanded in such notice that a copy of the complaint be served upon them at Fargo, N. D. Pursuant thereto, plaintiff's attorney served a copy of the complaint upon defendant's attorneys by mail, and duly registered the letter containing such copy of the

complaint, and took the usual receipt given at the post office for registered mail matter. In due course plaintiff's attorney received through the post office the usual return receipt, which indicated upon its face that the registered letter had been received by defendant's attorneys at Fargo, N. D., at a date stated in such receipt. More than 30 days subsequent to receiving the registered letter, but within 60 days from the date at which plaintiff's attorney mailed such registered letter, the defendant's attorneys served upon the attorney of the plaintiff a demurrer to the complaint. When the demurrer came on for argument in the District Court, plaintiff's counsel appeared, and filed objections to such argument, and claimed that defendant was in default, because, as counsel claimed, the demurrer was served too late. It does not appear that the trial court made a specific ruling upon the points raised by plaintiff's objection, but, inasmuch as the trial court proceeded to hear and determine the issue of law raised by the demurrer, and made no reference in its ruling upon the demurrer to plaintiff's preliminary objections, it will be assumed for plaintiff's benefit that such objections were in fact and formerly overruled.

The preliminary questions raised are: *First.* Was the service of the demurrer too late? *Second.* If such service was too late, was the irregularity in the service waived by the retention of the copy of the demurrer? We are clear that the service of the demurrer was not too late. The service could be properly made by mail. Comp. Laws, § 5329. "In case of service by mail the paper must be deposited in the post office, addressed to the person on whom it is to be served, at his place of residence and the postage paid." Id. § 5330. "When the service is by mail it shall be double the time required in cases of personal service." Id. § 5331. If the complaint had been personally served upon defendant's counsel, they would, under the statute, have been required to serve their answer thereto, within 30 days from the date of such personal service. Id. § 4895. But the complaint was served by mail, and it follows, under § 5331, *supra*, that the defendant had double time

in which to answer, *i. e.* 60 days; and the demurrer was served within 60 days. But appellant's counsel contends that the facts above set forth show a personal service by delivery of a copy of the complaint under Id. § § 4898, 4899; and that the return receipt, signed by the defendant's attorneys at the date of receiving the registered letter, constitutes proof that the copy of the complaint was received by delivery on the day the registered letter was taken from the post office at Fargo by defendant's attorneys. The theory of counsel that service by mail is a personal service, because it is shown that the letter mailed was received on a date certain, is novel. No authority is cited in support of the contention, and we think none can be found. There is no written admission of service, signed by defendant's attorneys; nor does the record show that an affidavit or other proof was filed in the court below, showing that the copy of the complaint which was inclosed in a letter and mailed at Ashley, N. D., was ever received in fact by defendant's counsel. Conceding that the returned receipt shows when the registered letter was taken from the post office, it yet fails to constitute proof that the copy of the complaint was personally served on defendant's counsel at that time. Nor do we think that service of a paper by mailing the same can be converted into personal service by showing the fact that the paper was received at the time it was taken from the post office by the attorney to whom it is addressed. The law permits the service of papers by mail in lieu of personal service under certain circumstances, but we think no authority can be shown for a mode of serving papers compounded of service by mail and personal service. The service by mailing is complete when the paper is mailed; none the less so in a case where the letter containing the paper is never received by the attorney to whom it is addressed. 4 Wait, Pr. 620, 622, and cases cited; *Trust Co.* v. *Keeney,* 1 N. D. 411, 413, 48 N. W. 341. But it is also quite clear, if the demurrer was served too late, that the irregularity was waived by plaintiff's counsel by not returning the copy served upon him. 4 Wait, Pr. 624; *Rogers* v. *Rockwood,*

(Sup.) 13 N. Y. Supp. 939. The record is silent as to whether the copy of the demurrer was returned, but the plaintiff alleges error in proceeding to a hearing on the demurrer. It was not error to take up and dispose of the issue raised by the demurrer if the alleged irregularity had been waived. The burden is on the plaintiff to show error. This court will presume, until the contrary is shown, that the court below proceeded regularly. *Garr, Scott & Co.* v. *Spaulding*, 2 N. D. 414, 51 N. W. 867.

Passing to the merits, we find that the demurrer to the complaint was upon the ground that the complaint does not state facts sufficient to constitute a cause of action. The complaint is as follows: "That on the 27th day of May, 1893, said defendant was, and still is, sheriff of said McIntosh County, State of North Dakota. That as such officer, the defendant, on the said 27th day of May, 1893, in the county aforesaid, at the instance of one Jessie Johnstone, assignee of a certain mortgage, executed June 20, 1888, by Arthur W. Clyde and Bessie T. Clyde, plaintiff herein, upon the northwest quarter of section 27, in township 129, of range 70, situted in said county, and containing 160 acres, did, pursuant to notice of foreclosure of said mortgage by advertisement, make sale of said premises at public auction to the hightest and best bidder for the same, namely, John Johnson, for the sum of $401.37, of which there was required to satisfy said mortgage and all legal costs and expenses of such foreclosure in full no more than the sum of $357.37, and the remaining $51 arising from said sale as aforesaid is surplus, payable to plaintiff, who is entitled to the same as mortgagor, and by virtue of a deed of conveyance of said property so sold, to her made and delivered by said Arthur W. Clyde. Nevertheless defendant has, refused, and still refuses, to pay over to plaintiff the said surplus sum of $51, or any part thereof, although plaintiff has duly demanded the same of him. Wherefore plaintiff demands judgment against said defendant in the sum of $51, and her costs herein." It is apparent from a perusal of the complaint that such facts as are attempted to be set out therein are not directly stated, but are only suggested by

way of inference and recital. There is no direct statement that any mortgage was executed and delivered to any person, or that a mortgage was in fact assigned by any person to any person, or that any sum of money was paid to the sheriff upon the forclosure sale, or that any sum did in fact arise upon such sale, nor is it clearly averred that any surplus was in fact ever in the sheriff's hands. Some of these recited facts are material; others may not be, but all are badly pleaded. Facts should be stated, and not set out by mere recital, or by way of inference. Bliss, Code Pl. § 318. But, aside from verbal criticism, we are of the opinion that the complaint is vulnerable to the demurrer in matter or substance. A vital feature of the complaint is set out in the following language: "And the remaining $51 arising from said sale, as aforesaid, is surplus payable to plaintiff, who is entitled to the same as mortgagor, and by virtue of a deed of conveyance of said property so sold, to her made and delivered by said Arthur W. Clyde." This language, liberally construed, is in effect the averment of a legal conclusion. It avails nothing to state that plaintiff is entitled to the surplus as mortgagor, or by reason of any deed of conveyance, unless the conclusion is based upon specific facts set out in the pleading. We are unable to discover from any facts averred in the complaint that the plaintiff, as mortgagor, is or can be, legally entitled to any surplus in the sheriff's hands arising upon the mortgage sale. It is alleged that the mortgage was a joint mortgage, executed by plaintiff and one Arthur W. Clyde. If there was a foreclosure sale by advertisement made by the defendant under a power of sale in such mortgage, and a surplus arising upon such sale remained in defendant's hands, it will be the duty of the defendant (under Comp. Laws, § 5424) to pay such surplus on demand to the "mortgagor, his legal representatives or assigns." In this case there were two mortgagors, and hence any claim to a surplus in the sheriff's hands is a joint claim in favor of the mortgagors, and is not an individual claim of either. There is no allegation that Arthur W. Clyde

ever assigned his interest in any surplus in the sheriff's hands to this plaintiff, and hence there are no facts stated entitling the plaintiff to recover in virtue of her relation as mortgagor, or on account of being the assignee of any claim to surplus which may have belonged to the mortgagors jointly.

But it is asserted that the plaintiff is entitled to recover the alleged surplus because Arthur W. Clyde conveyed the mortgaged property to the plaintiff by a deed of conveyance made by him, and delivered to the plaintiff. But how does this averment aid the plaintiff, in the absence of an averment stating the time of the delivery of the deed with reference to the date of the sheriff's foreclosure sale? If, on the day of the sheriff's sale, the mortgagors were still the owners of the land, a subsequent transfer of the title to plaintiff would not operate to transfer the right to a surplus arising on the sheriff's sale. The sale fixed the right to the surplus on the day the sale was made. The transfer of the title to plaintiff is of no significance whatever with reference to the right to the surplus, unless it was made prior to the sheriff's sale. If such transfer was made after the execution of the mortgage, and prior to the sheriff's sale, the plaintiff would become an assignee, within the meaning of the statute, and in that capacity could sue for such surplus; but there is no such allegation. This, we think is a fatal omission, and renders the complaint not merely uncertain, but bad on demurrer for insufficiency. The complaint is insufficient, because a vital fact is omitted from it. Generally the time at which a material fact occurred is unimportant, and therefore need not be averred. In such cases the fact only is essential, and the date of no importance; but there are cases (and it is obvious that this is one) where time is vital to the right to recover, and in such exceptional cases the fact is unimportant, unless coupled with a statement of the date of its occurrence. In such cases it is elementary that an averment of the time is essential, and the time must be truthfully stated. Bliss, Code Pl. § § 282, 283; *People* v. *Ryder*, 12 N. Y. 433. In *People* v. *Ryder*, *supra*, the court say: "If the time when a fact

happened is material to constitute a cause of action, it should undoubtedly be stated. The fact, without the time, would be insufficient to constitute the cause of action; but if the time is immaterial I do not think a demurrer will lie for omitting to state it. * * * Suppose the plaintiff alleges that he gave notice to the indorser of the dishonor of the note, but omitted to state when such notice was given; here the time is material. The fact stated will not constitute or aid in constituting a cause of action, unless it occurred at a certain time. Disconnected from the time, it would be entirely immaterial; still it would be a notice." In criminal pleading the governing principle as to stating time is the same as in civil cases. Ordinarily the precise time at which an offense is committed is not material, but when time is a material ingredient of the offense it must be stated with precision. This well settled rule is voiced by our Code of Criminal Procedure (§ 7245.) See, also, generally, *Price* v. *Doyle*, (Minn.) 26 N. W. 14; *Lockwood* v. *Bigelow*, 11 Minn. 113 (Gil. 70.) "The occurrence of a fact, at a particular time, if material, will not be presumed in favor of the pleader in the absence of a proper allegation in the pleading." *Balch* v. *Wilson*, 25 Minn. 299; *Williams* v. *Nesbit*, 65 Ind. 171. Counsel for respondent have urged that the case of *C. Aultman & Co.* v. *Siglinger*, (S. D.) 50 N. W. 911, is decisive against the complaint in this case. We prefer, however, to rest our decision upon the points already stated. The South Dakota case is instructive, and we cite it as containing a valuable discussion of some of the questions involved in this case. The order sustaining the demurrer is affirmed. All concur.