## GRIFFIN v. BOARD OF COUNTY COMMISSIONERS OF WALWORTH COUNTY et al.

Under Code Civ. Proc. § 554, authorizing service of notices by mail where the person making the same and the person on whom it is made reside in different places between which there is a regular mail communication, such service, when authorized, is complete from the time the paper to be served is deposited in the post office, properly addressed and stamped, though never received.

Where an elector was granted leave to appear and defend a contest in proceedings for the removal of a county seat, as authorized by Rev. Pol. Code, § 1993, and served notice of his appearance by mail on the contestant's attorneys, as authorized by Code Civ. Proc. § 554, before an application for judgment was made by reason of the default of the board of county commissioners, such elector was entitled to eight days' notice of the application for judgment, as provided by Rev. Code Civ. Proc. § 237, made applicable to contest proceedings by Rev. Pol. Code, § 1999.

Where an elector had obtained leave to defend a contest in proceedings to remove a county seat, under Rev. Pol. Code, § 1993, and served notice of his appearance on contestant's attorneys by mail, prior to contestant's application for judgment for default of the board of county commissioners, an affidavit for such judgment, failing to mention any elector or state that no elector had answered or appeared therein, was insufficient.

Where it is contended that the evidence is insufficient to justify the findings, appellant's counsel must point out in his brief particular portions of his abstract, giving the folios thereof, which he deems insufficient to justify such findings, as well as in his assignment of errors, as provided by Supreme Court Rule 29.

(Opinion filed, Oct. 24, 1905.)

Appeal from Circuit Court, Walworth County. Hon. LORING E. GAFFY, Judge.

Proceedings by Fred Griffin against the board of county commissioners of Walworth county, and R. C. Chesky and another, made defendants by leave of court, to contest a proceeding for the re-

moval of the county seat of Walworth county. From a judgment in favor of defendants, contestant appeals. Affirmed.

*Albert Gunderson* and *C. H. Barron,* for appellant. *Taubman, Williamson* & *Herreid,* for respondents.

CORSON, J. This is an appeal by the plaintiff and contestant in a contest proceeding in which the court adjudged Bangor to be the legal county seat of Walworth county. In 1904 an election was held upon a petition duly filed, in which the question of the removal of the county seat from Bangor, situated some distance from a railroad, to Selby upon the line of the railroad, was voted on. Upon canvassing the vote, the board of county commissioners of Walworth county declared, as a result thereof, that the town of Selby had not received the required 60 per cent. of the votes cast at the election, and therefore that the county seat must remain at the town of Bangor in said county. The plaintiff thereupon instituted the proceedings to contest said election, claiming in his notice of contest that certain illegal votes cast in the various precincts of the county had been improperly canvassed by the board of county commissioners, and that, excluding such illegal votes so cast, there were at least 60 per cent. of the votes of such county cast in favor of the removal of said county seat to the said town of Selby. This notice of contest was served upon the board of county commissioners on the 14th day of December, 1904, and no answer having been served or filed within 10 days by the board, the plaintiff applied for judgment to the Honorable Frank B. Smith, judge of the Fourth circuit, at his chambers in Mitchell, for judgment by default, Judge Gaffy at that time judge of the Sixth circuit of which the county of Walworth constitutes a part, being absent from the state. Judge Smith entered judgment in favor of the plaintiff and contestant on the 26th day of December, 1904. On the 22nd day of December, four days prior to the entry of judgment, Judge Gaffy, as judge of the Sixth judicial circuit, made an order allowing R. C. Chesky, an elector of said Walworth county, leave to appear and defend said contest as such elector. A notice of this order was mailed at Aberdeen on the 23d day of December, addressed to "Albert Gunderson, Esq.," who was the attorney for the contestant, at his residence in Ft. Pierre,

between which said Aberdeen and said Ft. Pierre there is a regular mail communication, and that, by the ordinary course of the mail, the said order should have been received by the said Gunderson on the 23d or 24th of that month. On the 29th day of December, the said Chesky applied to Hon. Frank B. Smith, upon affidavits to vacate and set aside the said judgment, on which an order to show cause was issued. On the hearing of the said order to show cause on January 5, 1905, said Judge Smith made the following order: "The above entitled matter coming on to be heard before Hon. Frank B. Smith, judge of the Fourth judicial circuit of the state, upon an order to show cause heretofore issued and served, and the plaintiff appearing by his attorney, A. Gunderson, and the defendant by Taubman & Williamson, attorneys, and the court being fully advised in the premises, it is ordered that the hearing on said order be, and the same is hereby, transferred to be heard before Hon. L. E. Gaffy, judge of the Sixth judicial circuit of the state of South Dakota; the same being the circuit in which said controversy arose." Annexed to this order was the following stipulation: "It is hereby stipulated and agreed, that the above order to show cause, together with the order issued by Hon. L. E. Gaffy, be heard at the chambers of the said L. E. Gaffy, at Pierre or Fort Pierre, at 9 o'clock a. m., on January 12, 1905, at whichever place is most convenient for said court." On the 3d day of January, 1905, an order was made by Judge Gaffy requiring the plaintiff and contestant to show cause on the 12th day of January, 1905, why the said judgment should not be vacated and set aside. On the hearing of this order, on the 12th day of January, Judge Gaffy entered the following order: "The above-entitled action to be heard upon the motion of the defendants for an order to set aside the judgment herein, and to permit an elector to appear and defend. * * * The court * * * orders that said judgment be set aside, and any elector of said Walworth county be permitted to answer, upon the following grounds, among others: That this court had made an order permitting an elector to appear and answer therein, and that said elector had no opportunity to so answer before said judgment was rendered. Also, because the court is of the opinion that said judgment having been

rendered in the Fourth circuit, and not in any of the counties of the Sixth circuit, and being granted without any evidence, that said court of said Fourth circuit had no jurisdiction to render said judgment." No appeal seems to have been taken from this order, but in April, 1905, the cause was tried, and a judgment rendered in favor of the defendants, from which, as before stated, this appeal is taken.

It is contended by the appellant that as no answer was made by the board of county commissioners or any of their number in behalf of the county, or by any elector of the county, within the 10 days allowed for answering by law, the judge of the Fourth circuit was authorized to enter the judgment vacated and set aside by Judge Gaffy, and that therefore the order made by Judge Gaffy was unauthorized and invalid.

It is contended by the respondent, among other grounds, (1) that the judgment rendered by Judge Smith at Mitchell was unauthorized, for the reason that, at the time said judgment was rendered, said Chesky had appeared in the action and was entitled to notice of the application for judgment; (2) that the judgment was unauthorized and invalid, for the reason that the affidavit of no answer or appearance upon which the judgment was rendered was insufficient, in that the affidavit only stated that the defendants had not appeared in the action, and failed to state that no elector had appeared therein. We are inclined to take the view that the respondents are right in their contention. Before the judgment was rendered by Judge Smith, Judge Gaffy had made an order granting leave to said Chesky to appear and defend the action, and notice of that order was duly mailed at Aberdeen to the attorney for the contestant three days before the rendition of the judgment.

It is contended by the appellant that this appearance of Chesky was insufficient, for the reason that the notice of his appearance was not served by some officer or disinterested person in the manner provided by section 1989 of the Revised Political Code, which provides: "Any person upon whom the notice mentioned in the preceding section may be served * * * shall within ten days after the service thereof answer such notice. * * * Said answer shall be served in the man-

ner provided in the preceding section, except where the contestant appears by attorney, in which case the answer shall be served on the attorney in the manner provided by the Revised Code of Civil Procedure." By section 554, Rev. Code Civ. Proc. it is provided: "Service by mail may be made where the person making the service and the person on whom it is to be made reside in different places, between which there is a regular communication by mail." The attorneys acting for the elector, Mr. Chesky, Messrs. Taubman & Williamson, resided at Aberdeen, and, as before stated, the attorney for the plaintiff and contestant resided at Ft. Pierre, and between the two cities there is a regular communication by mail. Hence the contention of appellant that the notice of the appearance of Chesky was not regularly served on him is untenable. A notice of the order made by Judge Gaffy, mailed at Aberdeen, addressed to the attorney for the plaintiff and contestant was, in contemplation of law, served upon him, whether he ever received it or not. 4 Wait's Practice, 622; Clyde v. Johnson, 4 N. D. 92, 58 N. W. 512. Mr. Wait, in his work on Practice, in speaking upon this subject, says: "Service by mail is completed from the time the paper to be served is deposited in the postoffice at the residence of the attorney making the service, properly inclosed, sealed, and addressed to the attorney on whom it is served with full legal postage paid thereon. When thus deposited, the party to whom it is addressed incurs the risk of the failure of the mail." In Clyde v. Johnson, supra, the Supreme Court of North Dakota says: "The service by mailing is completed when mailed, none the less so in a case where the letter containing the paper is never received by the attorney to whom it is addressed." If therefore, in fact, the attorney had not received notice of the appearance of Chesky at the time he made the affidavit of no answer or appearance, the judgment entered thereon by Judge Smith was nevertheless unauthorized and erroneous, because not only had Chesky appeared in the action, but because the affidavit of no answer or appearance failed to state that there had been no answer or appearance by any of the electors of said county as well as no answer or appearance by any of the defendants. It is quite evident that both the

counsel for the appellant and the learned circuit court overlooked the provisions of section 1993, which provides: "If they [the board of county commissioners] fail to appear and defend said contest any elector of said county ,at any time before said trial, may on leave of the court or judge appear and defend said contest." An elector who has appeared in an action is entitled to eight days' notice of the application for judgment as provided by subdivision 2, § 237, Rev. Code Civ. Proc., as this provision comes within part 2 of the Code of Civil Procedure, made applicable to contest proceedings by section 1999 of the Revised Political Code. In the affidavit of no answer or appearance made by the attorney for the contestant and appellant, he states: "That no answer or demurrer, or copy of either, has been received by the plaintiff's attorney in this cause, nor have the defendants, or either of them appeared herein, by attorney or otherwise." It will be observed from the reading of the affidavit that no mention is made of any elector, and no statement that any elector of the county has failed to appear in the action. The affidavit is therefore insufficient to authorize the judgment as it should affirmatively appear therefrom, not only that no defendant had answered in the action, but that no elector had answered or appeared therein. It is clear therefore that upon both grounds, namely, the appearance of Chesky in the action, and the failure of the appellant to state in his affidavit of no answer or appearance that no elector had appeared in the action, the judgment rendered by Judge Smith was properly vacated and set aside.

It is further contended by the respondents that Judge Smith was not authorized in the contest proceedings to enter a judgment within his own circuit in the absence of Judge Gaffy, and that therefore the judgment was null and void (citing Holden v. Haserodt, 3 S. D. 4, 51 N. W. 340), but, in the view we have taken, we have not deemed it necessary to decide this question, and therefore we express no opinion in reference thereto.

On the trial of the contest proceeding, the facts were found by the trial court in favor of the defendants and the elector Cheskey, fully sustaining the action of the board of county commissioners in declaring that as the result of the election the county seat was not

removed from Bangor, and that town remained the county seat. Appellant moved for a new trial, on the ground, among others, that these findings were not sustained by the evidence, but in this court he seems to have relied mainly for a reversal upon the ground that the judgment rendered by Judge Smith was regular and valid, and that Judge Gaffy was not authorized to vacate and set aside the same. In view of the fact that the learned counsel for the appellant in his brief has not called our attention specifically to any evidence showing that the same was insufficient to sustain the findings of the court, we have deemed it unnecessary to review the same in this opinion, notwithstanding, in his assignment of errors, he has specified in what respects certain evidence was insufficient to justify the findings; it being the duty of counsel to point out in his brief and call the attention of the court to the particular portions of his abstract giving the folios thereof, which he deems insufficient to justify the findings of the court, as well as in his assignment of errors, as provided by rule 29 of the rules of this court.

The judgment of the circuit court and order denying a new trial are affirmed.