E. E. HUFFORD individually and on behalf of the property holders and taxpayers of the city of Devils Lake, North Dakota, Appellant, v. EDWARD F. FLYNN, C. A. Dodge, A. V. Haig, W. E. Hocking and M. R. Mayer, as members of the Board of City Commissioners of the city of Devils Lake, a municipal Corporation, Respondents.

(182 N. W. 941.)

**Municipal corporations — discretion of city commissioners as to paving streets not subject to restraint by Court of equity.**

1. A court of equity cannot properly interfere with, or in advance restrain, the discretion of a board of city commissioners, while such board, in the exercise of powers conferred by the charter or general laws, is considering a proposition as to whether certain streets and alleys in the city are to be paved.

**Appeal and error — record transmitted to the Supreme Court cannot be impeached or altered by evidence dehors the record.**

2. The record transmitted to this court on appeal cannot be impeached, changed or altered by affidavit or other evidence of matters dehors the record. Such record imports verity, and is conclusive evidence of the proceedings had in the lower court. If the record is incomplete or incorrect, amendment or correction must be sought by appropriate proceedings, and not by impeachment on the hearing in this court.

Opinion filed March 17, 1921.

From a judgment of the district court of Ramsey County, Buttz J. plaintiff appeals.

Affirmed.

*H. S. Blood,* for appellant.

*Torger Sinness,* for respondents.

The appeal in this case is duplicitous, as it attempts to appeal from a judgment dismissing the action and an order refusing to grant a temporary injunction.

National Surety Co. v. Granmer, 27 S. D. 515; 131 N. W. 864. The

regular record on appeal must be accepted as true and cannot be impeached by affidavits or statements outside the record.

4 C. J. 512-514.

The court cannot control a city council in the exercise of its discretionary powers and cannot enjoin the council from passing ordinances within its power.

·14 R. C. L. 437-438; 19 R. C. L. 904-906; 22 Cyc. 889-890; New Orleans Waterworks Co. v. New Orleans, 164 U. S. 471; 41 U. S. (L. ed.) 518; Lewis v. Denver City Waterworks Co. 19 Colo. 236; 34 Pac. 993; 41 A. S. R. 248; Stevens v. St. Mary's Training School, 114 Ill. 336: 32 N. E. 962; 36 A. S. R. 438; 3 Abbott on Municipal Corporations, 2511-2515; High on Injunction, 1240-1243; 1 Spelling on Injunction and Extraordinary Relief, Sec. 687; 1 Dillon on Municipal Corp., 4th ed., Sec. 308; State v. Board of Canvassers, (N. D.) 172 N. W. 81.

CHRISTIANSON, J. The plaintiff brings this action for the purpose of enjoining, the defendants, city commissioners of the city of Devils Lake, from procuring plans and specifications for a certain proposed paving project in that city and paying the engineers retained to prepare the same for their services. The complaint alleges, in substance, that the plaintiff is a tax-payer in the city of Devils Lake and owns property which will be liable to special assessment for the construction of a certain pavement proposed to be constructed by the defendants city commissioners; that between October 1919 and January 1st, 1920, the city commission of Devils Lake created paving district No. 1, and constructed therein paving of the approximate cost of $450,000.00; that on November 23, 1920, the Board of city Commissioners, deeming it necessary to extend the paving into other streets and avenues outside of said paving district No. 1, placed upon its first reading two certain ordinances, one creating paving district No. 2, and one creating paving district No. 3; that at the same meeting the Board of City Commissioners instructed the city engineer and the consulting engineer to prepare plans and specifications and an estimate of the probable cost of extending the paving, already constructed in the city, upon certain specified streets and avenues in said paving districts Nos. 2 and 3, and directed that said plans, specifications and estimates of cost be for certain specified types of paving; that on November 30, 1920, at a regular meeting of said city commissioners, said two ordinances were placed upon their second reading and final passage; that the said engineers proceeded in accordance with the directions of the

city commissioners and began to make a survey of the streets and alleys which it was proposed to pave and to collect the data for the preparation of the plans and specifications; that a large majority of the property holders affected by the proposed paving have protested to the said city commissioners and remonstrated against said paving or any part thereof being constructed, but that in disregard of said protests, the engineers are proceeding with the survey and preparation of their plans and specifications and that they intend to present and file said plans and specifications with the city auditor as soon as they are prepared; and that the city commissioners intend to pay out of the city treasury a large sum to said engineers to compensate them for said work and will do so unless restrained from so doing; that such payment will be made by warrants drawn upon paving districts Numbered 2 and 3, and that said Board will order that the property of said districts, including the property of plaintiff be specially assessed to pay said warrants; that the defendants are threatening to proceed with the procuring of said plans, and with the construction of said proposed paving, and unless restrained from so doing, will incur costs and expenses therefor and cause the same to be paid by warrants drawn upon said paving districts Nos. 2 and 3; that no necessity exists for the making of said proposed improvement or for procuring plans and specifications therefor; that said board has proceeded arbitrarily, knowing that no necessity exists, and that their acts have been and will continue to be against the wishes and desires of the plaintiff and that the cost thereof will be prohibitive. The demand for relief is that the defendants be enjoined from doing any of the acts complained of. The defendants demurred to the complaint upon the ground, among others, that it did not state facts sufficient to constitute a cause of action. The trial court issued an order to show cause why injunction should not issue pendente lite. A hearing was had upon such order, at which affidavits were presented by the respective parties. The plaintiff submitted the verified complaint and his own affidavit stating substantially the same facts, as those set forth in the complaint. The defendants submitted six affidavits, namely, the affidavits of four members of the city commission, the city auditor and the consulting engineer. From these affidavits it appears that the consulting engineer is working under a contract by the terms of which he "will not be entitled to compensation for services in connection with the paving of districts Nos. 2 and 3 of the city of Devils Lake until such time as a contract or contracts are let for the paving of

said districts." It, also, appears that the city commissioners have in no manner decided what to do about such paving, but that the plans and specifications and estimates of cost of construction are asked for in good faith to enable the city commissioners to take up and consider the necessity and desirability of paving certain streets and alleys in said paving districts Nos. 2 and 3.

The trial court made an order denying a temporary injunction. It also made an order that the demurrer be sustained and the action dismissed. Judgment of dismissal was entered, and plaintiff has appealed from such judgment.

It is elementary that the allowance of a temporary injunction rests largely in the sound judicial discretion of the trial court, to be exercised in view of the facts of the particular case, and that an appellate court will not interfere unless it appears that the trial court abused its discretion. We have no hestitancy in saying, upon showing made in this case, that the trial court was wholly justified in denying the application for a temporary injunction, even if the complaint had stated facts sufficient to constitute cause of action. We are of the opinion, however, that the complaint not only fails to state a cause of action, but that it affirmatively shows that plaintiff in fact and in law has no cause of action; and that it would have been an idle ceremony to have permitted the complaint to be amended.

Under our statutes, a city council, or city commission, is authorized to create sewer, paving, water main and water works districts (Section 3698 C. L. 1913) and to pave streets (Section 3702 C. L. 1913). It is provided that when the city council (or city commission) "shall deem it necessary to * * * to pave * * * any street, highway, avenue, alley, lane or other public ground within the city limits * * *, the city council (or commission) shall direct the city engineer, or in case the city has no competent engineer, shall employ a competent engineer, to prepare plans and specifications for such work, including the grading of the street if not already established, if such grade is deemed necessary by such engineer, and all details of the work to be done, and make an estimate of its probable cost, which plans, specifications and estimates shall be approved by resolution of the city council, which approval shall be deemed to establish the grade of the street as shown in such plans and specifications, if the grade of the street has not previously been established by ordinance, providing such grade has been included in such plans and specifications.

In case the improvement shall consist in paving or repaving any street, alley or public place, the city council (or commission) may require such plans, specifications and estimates to be made of such different kinds of pavement as they may. deem advisable." (Sec. 3703. C. L. 1913). It is further provided that after such plans, specifications and estimates shall have been filed in the office of the city auditor and approved by the city council (or commission) such council or commission "shall by resolution, declare such work or improvement necessary to be done; such resolution shall refer intelligently to the plans, specifications and estimates therefor, and shall be published, twice once in each week for two consecutive weeks in the official newspaper of the City." Provision is further made for the filing of protest by the owners of a majority of the property liable to be specially assessed and for the hearing of such protest. (Sec. 3704, C. L. 1913). Subsequent sections provide for advertising for bids, the letting of the contract, the procedure relating the assessment of special assessments to pay for the work etc.

Obviously, the situation disclosed by the complaint is not one war ranting judicial interference. It appears that the city commission is engaged in consideration of a matter which the statute invests it with power to consider. The matter is still pending before the commission. There car. in no event be a judicial review of the acts of the commission until the commission has acted. For it is well settled that under ordinary conditions a court of equity cannot properly interfere with or in advance restrain the discretion of a municipal body while, in the exercise of powers conferred by the charter of the general laws, it is considering a matter of this nature. 14 R.C.L. 437; 19 R.C.L. 905-906; New Orleans Waterworks Co., v. New Orleans, 164 U. S. 471, 41 L. ed. 518; Lewis vs. Denver City Waterworks Co., 34 Pac. 993; Spelling on Injunction (2nd ed.) Sec. 687.

It is contended by the appellant that the demurrer was not properly before the court; that the same had not been noticed for argument and that hearing thereon was not afforded. It is attempted to sustain this contention by an affidavit. The order sustaining the demurrer specifically recites: "The defendants having interposed to plaintiff's complaint in the above entitled action a demurrer, and the questions of law therein placed in issue by said demurrer having *come on regularly to be heard* at Chambers in the County Court House in the City of Devils Lake, Ramsey County, North Dakota, on the 14th day of January 1921 at 10 o'clock in the forenoon of said day, the plaintiff appearing in person and by his at-

torney, H. S. Blood, Esq. and the defendants appearing by their attorney, Arthur R. Smythe, and the respective attorneys for the parties having presented their arguments to this court and the court being duly advised in the premises." The record transmitted imports verity and is conclusive evidence of the proceedings had in the lower court. That record cannot be impeached by affidavits submitted in this court. If the record is incomplete or incorrect, amendment or correction must be sought by appropriate proceedings, and not by impeachment on the hearing in this court. The record cannot be impeached, changed or altered in this court. The record cannot be impeached, changed or altered in this court by affidavit or other evidence of matters dehors the record. 4 C. J. 512-514.

It follows from what has been said that the judgment appealed from is correct and must be affirmed. It is so ordered.

ROBINSON, Ch. J., and BIRDZELL and BRONSON, JJ., concur.

GRACE, J. I concur in the result.