WALTER A. GARSKE, Respondent, v. S. A. HANN, and MARY HANN, Appellants.

(182 N. W. 933.)

**Appeal and error — service of notice of appeal by mail not authorized where parties reside in same city.**

Section 7952, C. L. 1913, which authorizes service by mail when the person making the service and the person on whom it is to be made reside in different places, between which there is a regular communication by mail, does not authorize service of a notice of appeal by mail where the party serving it and the party upon whom it is to be served reside in the same city.

Opinion filed March 19, 1921.

Appeal from the district court of Ramsey County, *Burr, J.*

Affirmed.

*R. Goer, H. S. Blood,* of counsel, for appellants.

*Flynn, & Traynor & Traynor,* for respondent.

BIRDZELL, J: On July 5th, 1919, the plaintiff obtained a judgment for $162.26 in the justice court of Ramsey County before W. H. Wilson, Justice of the Peace. A few days thereafter, R. Goer, as attorney for the defendant, prepared a notice of appeal directed to Flynn & Traynor, notifying them that the defendants were appealing from such judgment to the district court. A copy of this notice, together with copies of the undertaking and answer, was inclosed in an envelope and mailed to Flynn & Traynor by registered letter, postage prepaid. The registry receipt shows that the envelope containing the papers was deliverd on July 8th, the name of Flynn & Traynor appears in the blank for the signature or the name of the addresses and under this blank in the space set aside for the signature of the addresse's agent appears the name "Edith Webster." Messrs. Goer and Flynn & Traynor all live and practice law in the City of Devils Lake and the registered letter was both mailed and receipted for in Devils Lake. In October, 1919, plaintiff's attorney served notice of motion to dismiss the appeal. The motion came on to be heard before Honorable A.

G. Burr, District Judge, and on November 18, 1919, an order was entered directing a dismissal of the appeal on the ground that no notice of appeal had been served as provided by law, and further providing that a certified copy of the order be filed with the justice of the peace and that "thereupon the said judgment shall have the same force and validity and may be enforced in the same manner in said justice court as if no appeal had in fact been attempted to be taken," and that judgment be entered accordingly. On December 31, 1919, the defendant's attorney served upon the attorneys for the plaintiff a notice of appeal from this order. This notice, together with the undertaking, was filed in the office of the district court on the same date. Thereafter, on January 13, 1920, the defendant's attorney, pursuant to notice and over the objection of plaintiff's attorneys, caused a judgment to be entered in the district court confirming the judgment entered in the justice court; also dismissing the appeal and including costs in the sum of $13. On July 7, 1920, the defendant served a notice of appeal and undertaking appealing from the judgment which had been entered in January preceding.

In the brief of appellant's counsel it is conceded that there is but one question involved in these appeals; namely, was the notice of appeal from the judgment entered in the justice court properly served upon the plaintiff's attorney? We are of the opinion that it was not. The statute, Section 7952, C. L. 1913, authorizes service by mail when the person making the service and the person on whom it is to be made reside in different places between which there is a regular communication by mail. It does not authorize service by mail where the parties reside in the same place, as in the instant case. The fair implication from this statute is that where parties reside in the same place they should resort to the more reliable method of personal service which is provided for in Section 7951. This court has repeatedly held that an unauthorized service by mail is not the equivalent of personal service. Rhode Island Hospital Trust Co. v. Keeney, 1 N. D. 411; Clyde v. Johnson, 4 N. D. 92. See also McKenzie v. Boynton, 19 N. D. 531-535. It follows that the order and judgment of dismissal was proper, and they are affirmed.

ROBINSON, Ch. J., and CHRISTIANSON, and BRONSON, JJ., concur.

GRACE, J. (concurring specially). § 7952, Comp. Laws 1913 permits service by mail, when the person making the service and the person on

whom it is to be made reside in different places, between which there is a regular communication by mail.

The papers attempted to be served in this case were a certain notice of appeal and undertaking. Plaintiff having appeared by his attorneys, they were the proper parties on whom service should be made of the papers in question. (See § 7959, Comp. Laws 1913.)

They, as well as defendants' attorneys, being all residents of Devils Lake, the papers should have been served upon plaintiff's attorneys in the manner provided in Subdivision 1 of § 7951, Comp. Laws 1913.

It would be superfluous to add, that the service in question does not comply with the requirements of the above statutes.