Bond, Plaintiff, vs. Breeding and another, Defendants and Respondents: Gold Creek Mining Company, Intervenor and Appellant: Gold and others, Intervenors and Respondents.

*January 19—February 13, 1940.*

*John A. Dorney* of Milwaukee, for the intervenor and appellant.

*Hammersley, Torke & Kelley* and *John S. Barry*, all of Milwaukee, for the defendants and respondents.

*Gold & McCann, Drought & Drought*, and *J. E. Porter*, all of Milwaukee, for the intervenors and respondents.

ROSENBERRY, C. J.   On January 12, 1940, the defendants and the intervenors Gold and Stark filed a motion in this court to dismiss the appeal on the ground that the notice of appeal was not served upon all of the parties bound by the judgment 'under the rule laid down in *Stevens v. Jacobs* (1937), 226 Wis. 198, 275 N. W. 555, 276 N. W. 638. Counsel for plaintiffs in effect concede that if *Stevens v. Jacobs* be applied as written that the appeal must be dismissed.   Appellants rely upon secs. 269.17 and 269.18, Stats.,

relating to the revival of actions, and contend that these sections apply to the supreme court. These sections were considered in *Stevens v. Jacobs* and it was held that the sections referred to were found in the statutes under title XXV, and that by the provisions of sec. 260.01 did not apply to proceedings in this court. We are earnestly requested to review the determination made in *Stevens v. Jacobs* in the light of the argument of counsel relating to applicability of secs. 269.17 and 269.18.

Sec. 260.01, Stats., was introduced into our statutes by the revision of 1878 and originally was sec. 2593, and read as follows:

"The provisions of this title relate only to actions and proceedings in the circuit courts, and other courts of record, having concurrent jurisdiction therewith to a greater or less extent, in such actions and proceedings, except as otherwise provided."

In their notes the revisors of 1878 said: "New section, expressive of the intended scope of the title." The section was amended by sec. 2, ch. 541, Laws of 1935, to read as follows:

"*Scope of title XXV.* The provisions of title XXV, procedure in civil actions, relate to actions and special proceedings in the circuit courts and other courts of record, having concurrent jurisdiction therewith to a greater or less extent, in such actions and proceedings, unless the context otherwise requires."

Ch. 541, Laws of 1935, was a revisor's bill, introduced by the committee on judiciary, and in a note the revisor states the purpose of the bill as follows:

"To make the statutes more clear, concise and compact; to plainly express the meaning which has been judicially attributed to various provisions; to strike out obsolete provisions and those which have been superseded or impliedly repealed or which are duplications; to supply omissions and defects and correct errors, and to modernize the phraseology.

"The absence of a note to any section of the bill means that only verbal changes are intended."

The revisor's note to section 2 is as follows:

" 'Except as otherwise provided,' creates doubts without doing any good. If, in fact, some provision 'otherwise provides' that settles the matter."

It is clear from the section as it originally stood and as amended that ch. 269, Stats., applies only to circuit courts and other courts of record having concurrent jurisdiction therewith to a greater or less extent. Secs. 269.17 and 269.18, Stats., apply when a party to an action or proceeding in circuit court dies before judgment. Death of a party after judgment does not abate the judgment. 1 C. J. S. p. 174, § 127; 1 Am. Jur. p. 100, § 150, and cases cited. The phrase "unless the context otherwise requires" does not enlarge but restricts the application of the section. It is clear that there was no intention to make title XXV applicable to proceedings other than those in trial courts having jurisdiction to some extent concurrent with that of the circuit court. It is apparent that arguments based upon secs. 269.17 and 269.18 are beside the point when applied to matters in this court because those sections have no application to this court. Nor do they apply to actions in circuit court after judgment.

In the case of *Stevens v. Jacobs, supra,* it appears that an executor had been appointed upon whom service of notice of appeal might have been made. In this case it appears that no executor or administrator has been appointed and therefore there was no one upon whom service might be made. In this respect the situation of the appellant in this case is the same as it would be if appellant were the sole party appealing and M. D. Kelly had been the sole party against whom the judgment had been rendered. While there is no clear statutory provision governing such cases in this state, it is apparent that if the party adversely affected by the judgment desires to appeal and before the appeal is taken the opposite party dies, some steps must be taken to remove the cause to the appellate court. It is equally apparent that the party desiring to appeal has the burden of perfecting his appeal, otherwise

the record will not be removed from the trial court. If there is no executor or administrator, general or special, the party desiring to appeal may have a special administrator appointed under the provisions of sec. 311.06, Stats. See 4 C. J. S. p. 870, § 407, and cases cited. In this respect there has been no change in the statutes. The statutes giving the right to appeal have always provided that the notice must be served upon the opposite party. Curiously enough there are no Wisconsin cases in the books prior to the amendment of the statutes in 1935, undoubtedly due to the fact that prior to that the time within which an appeal might have been taken was limited to one year. Prior to 1913, the time for appeal had been limited to two years. With the time for appeal restricted to six months, situations will arise where the rights of parties may be jeopardized because of the limited time in which they may be obliged to procure the appointment of a special administrator where there has been delay in granting letters testamentary or letters of administration. We called attention to the fact in *Stevens v. Jacobs, supra,* that this was a matter for the consideration of the legislature. The term "party," as used in sec. 274.12, if the purpose of the act is to be achieved, undoubtedly means a party or, in the event of the death of a party before service of the notice of appeal, the privies or the personal representative of the deceased party. The whole object and purpose of the enactment of sec. 274.12 was to require the entire controversy to be brought before the court by one appeal so that there might not be as there had been in the past partial appeals resulting in long delays. It can be argued that a person who is a party to an action which has matured in a judgment, who dies, is no longer a party. However, the judgment binds his privies and personal representatives. They undoubtedly have a right to appeal (2 Am. Jur. p. 941, § 148, and cases cited), and therefore in a very practical and strict sense of the term they are parties to the appeal although their names do not appear in the record. We realize that requiring a person desiring

to appeal to procure the appointment of an administrator places a considerable burden upon him, but the burden is no greater than it was prior to the enactment of ch. 219, Laws of 1915 (sec. 274.12), in the case of an appellant where the opposite party died before the appeal had been taken. Curiously enough there is no statutory provision governing the matter of suggesting the death of a party in the supreme court. However, it has been the practice throughout the history of the court that a personal representative may be substituted for the party who has died after the taking of an appeal upon motion and presentation of a certificate of death or admission of the fact by the opposite party.

We have given this matter much consideration in view of the difficult situations which have been presented within the last three years, but we find no solution for the difficulty except by way of an act of the legislature.

*By the Court.*—The motion to dismiss the appeal is granted.