William HIGGINS and Milton K. Higgins,
Plaintiffs and Appellants,

v.

Jeff HAWKS et al., Defendants and
Respondents.

No. 8071.

Supreme Court of North Dakota.

March 28, 1963.

On Rehearing May 16, 1963.

---

Higgins & Crum, Bismarck, for plaintiffs and appellants.

William R. Mills, Bismarck, for defendants and respondents.

BURKE, Judge.

Respondents have moved to dismiss this appeal for alleged jurisdictional defects in the service and filing of the notice of appeal. The action is one to quiet title to a tract of land which the plaintiffs alleged was located in Morton County. Each of the answering defendants alleged that the described land was situated in Burleigh County and prayed that the case be dismissed for want of jurisdiction. The trial court found that the tracts described were located in Burleigh County and that the District Court of Mor-

ton County had no jurisdiction of the cause. Accordingly, a judgment for the dismissal of the action was entered on March 19, 1962. Notice of entry of the judgment was served upon the attorney for plaintiff March 20, 1962. On September 20, 1962, a notice of appeal from the judgment, undertaking upon appeal, and demand for trial anew were served upon the defendants, William R. Mills, Jack Fox, Burleigh County and Arthur W. Tavis, by mailing copies thereof to their respective attorneys and upon the same date, such notice, undertaking and demand were personally served upon one of the executors of the last will of H. C. Erling deceased. The notice of appeal was filed in the office of the Clerk of Court of Morton County. It bears a stamp indicating that it was filed September 21, 1962.

The specific grounds urged for the dismissal are: That such notice of appeal was filed in the office of the Clerk of Court of Morton County more than six months after the service of the judgment upon the attorney for appellants: (2) That service of the notice of appeal by mail upon a person who resides in the same city as the attorney who prepared the notice is void: and (3) That service of the notice of appeal upon the personal representative of a party, who died subsequent to the entry of judgment, without first having such representative substituted as a party in the action is void.

In resistance to the motion appellants have filed an affidavit by their attorney in which he deposes that he personally filed the notice of appeal with the Clerk of the District Court of Morton County on September 20, 1962, and that the date shown thereon by the Clerk of Court's stamp is erroneous. Appellants have also moved to remand the record in the case to the district court so that they may take appropriate action to secure a correction of the alleged error in stamping an incorrect filing date upon the notice of appeal and to secure a settled statement of the case. In reply to the affidavit and motion of appellants, respondents urge that the stamp impressed by

the clerk of court imports absolute verity and that it is conclusive upon appellants.

■ Upon this appeal, there is before us the judgment roll, notice of appeal and appeal bond certified and transmitted to this Court by the Clerk of the District Court of Morton County at the request of the respondents. Section 28–27–06 NDCC permits such procedure and provides that no further certificate or attestation shall be necessary. Although no statement of the case has ever been settled on this appeal, the record before us is sufficient to pass upon any errors appearing upon the face of the judgment roll. Cary v. Kautzman, 78 N.D. 875, 53 N.W.2d 99; Compson v. Olson, (N.D.) 75 N.W.2d 319.

■ This record, by the impression of the clerk of court's filing stamp, shows that the notice of appeal was filed one day too late. The affidavit filed by the attorney for appellants to the effect that an incorrect date is shown by this stamp, cannot be considered for the purpose of correcting the record here.

"* * * That record cannot be impeached by affidavits submitted in this court. If the record is incomplete or incorrect, amendment or correction must be sought by appropriate proceedings, * * *" Hufford v. Flynn, 48 N.D. 33, 182 N.W. 941, 943.

This affidavit, however, may be considered in support of the motion to remand as it suggests a possibility that the record may be in error. In such a case a motion to remand the record to enable the district court to consider the merits of the motion to amend is proper. Mahanna v. Westland Oil, (N.D.) 107 N.W.2d 353. Since there is a possibility that the record may be in error, in the interest of justice, we deny the motion to dismiss the appeal upon the ground that the notice of appeal was filed after the time for appeal had expired, and the record will be remanded to the district court if other grounds of the motion to dismiss are not sustained.

Upon the second ground urged for the dismissal of this appeal, the question is: Has the rule formerly followed by this court with respect to the service of notices of appeal been modified by the adoption of Rule 5(b) N.D.R.Civ.P.? Prior to the adoption of this rule, service by mail could only be made "[W]hen the person making the service and the person on whom it is to be made reside in different places between which there is a regular communication by mail." Sec. 28–2812 NDRC 1943. Consistent with the above cited statute we have held that service of a notice of appeal by mail where the parties reside in the same city is not authorized and void. Garske v. Hann, 48 N.D. 42, 182 N.W. 933.

Rule 5(b) N.D.Civ.P. which became effective July 1, 1957, provides for service of pleadings and other papers subsequent to the acquisition of jurisdiction over the parties by the court; it reads:

"Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last known address or, if no address is known, upon order of the court by leaving it with the clerk of the court. Delivery of a copy within this rule means: Handing it to the attorney or to the party; or, leaving it at his office with his clerk or other person in charge thereof; or, if there is no one in charge, leaving it in a conspicuous place therein; or, if the office is closed or the person to be served has no office, leaving it at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. Service by mail is complete upon mailing."

This rule clearly permits service by mail in all cases, including those where the par-

ties reside in the same city. Respondent contends, however, that the rule by its own terms applies only to a service required by the Rules of Civil Procedure, that the service of a notice of appeal is not such a service and is therefore governed by the statute and not by the rule. He also points out that Rule 86(b) N.D.Civ.P. provides:

"Upon the taking effect of these rules all statutes and parts of statutes in conflict herewith and the statutes listed in Tables B and C are superseded in respect of practice and procedure in the district courts."

From the foregoing rule he argues that since statutes superseded, are superseded only with respect to practice and procedure in district courts, they are not superseded with respect to an appellate practice but remain in full force and effect.

This argument would be persuasive except for the fact that the Legislature in enacting the Century Code omitted Sec. 28-2812, supra, with the notation that it had been superseded by Rule 5(b) N.D.Civ.P. The Legislature also incorporated into the Century Code Sec. 1-02-19 which provides:

"No statute, law, or rule is continued in force because it is consistent with the provisions of this code on the same subject, but in all cases provided for by this code all statutes, laws, and rules heretofore in force in the state, whether consistent or not with the provisions of this code, unless expressly continued in force by it, are all repealed and abrogated. * * *"

By the provisions of Sec. 1-02-19, supra, the omission of Sec. 28-2812, supra, from the Century Code constituted a repeal of that section. Further checking discloses that all of Chapter 28-28 NDRC 1943, providing for the service of motions, orders and notices and all of Chapter 28-06 NDRC 1943, which provides for the service of process have been repealed in the same manner. There remain no statutory regulations prescribing methods of service of any kind in civil procedure.

However, in Gooler v. Eidsness, 18 N.D. 328, 121 N.W. 83, we held that a notice of appeal to the Supreme Court might be served in like manner as other notices required in civil procedure. This has been the established rule in this State since the decision in that case which was filed in 1909. Since there is no statute to the contrary we adhere to the established rule and therefore hold that the service of the notice of appeal by mail upon living parties was sufficient. The motion to dismiss upon the ground that the service upon these parties, was insufficient is therefore denied.

Finally, appellant challenges the sufficiency of the personal service upon the personal representative of H. C. Erling, a deceased party. The specific ground of the challenge is that the personal representative had not been substituted as a party-defendant prior to such service.

H. C. Erling died about thirty days subsequent to the entry of judgment in this case. The death of a party after judgment does not abate the action. 1 C.J.S. Abatement and Revival §§ 127, 174. The judgment may be enforced by or against the personal representatives of the deceased. In Bond v. Breeding, 234 Wis. 14, 290 N.W. 185, 187 it was said:

"However, the judgment binds his privies and personal representatives. They undoubtedly have a right to appeal (2 Am.Jur. 941, sec. 148 and cases cited) and therefore in a very practical and strict sense of the term they are parties to the appeal although their names do not appear in the record."

We are agreed therefore that service of the notice of appeal upon the personal representative of a party who dies subsequent to judgment is service upon an adverse party as required by statute. The motion to dismiss the appeal upon the above stated ground is therefore denied.

The motion of appellants to remand the record to the district court is granted.

MORRIS, C. J., and TEIGEN, STRUTZ and ERICKSTAD, JJ., concur.

On Reargument

BURKE, Judge.

We have before us for consideration a motion by respondents, Mills and Fox, to dismiss this appeal and appellants' resistance to the motion. Originally the motion to dismiss was founded upon alleged jurisdictional defects in the serving and the filing of the notice of appeal. By an opinion heretofore filed we denied the motion to dismiss and ordered that the record in the case be remanded to the district court to enable the appellants to secure a settled statement of the case and to apply for a correction of an alleged error in the record. Since our rules do not provide for a right to petition for rehearings with respect to decisions on motions of this nature we remanded the record in the case to the district court concurrently with the filing of our decision.

Thereafter respondent filed a petition for rehearing in which he asserted that this court had erred in treating appellants' return to the motion to dismiss as a motion to remand the record to the district court.

Because of the nature of the criticism of our decision, we, in the exercise of our discretion, and upon our own motion, recalled the record in the case from the district court and ordered a reargument of the motion to dismiss.

Upon the reargument respondents made no mention of their petition for rehearing, nor did they contend that our decision denying their motion to dismiss the appeal on jurisdictional grounds was erroneous. Instead they presented an entirely new motion to dismiss the appeal, or to affirm the judgment in the case, for want of prosecution of the appeal by the appellants. Since appellants, without objection, chose to meet the issues raised by this new motion and submitted their own motion to remand the case to the district court in order to secure a settled statement of the case, we have decided to pass upon the merits of these motions.

Unquestionably, there has been a great deal of delay in the prosecution of this case. The action was commenced in June 1959. The first appearance in the case by defendant, Fox, was made by the service of a motion to quash the summons and dismiss the action on September 4, 1959. Briefs were filed in support of this motion, on behalf of the defendant, Fox, and other defendants in November 1959. On September 6, 1960, the trial court issued a memorandum decision in which he held that the motion to dismiss should be granted. An order dismissing the action was entered September 20, 1960, and notice of entry of the order was served upon the attorney for the plaintiffs on September 23, 1960. No appeal was taken from this order. On November 10, 1960, plaintiffs moved for a new trial of the action. On May 10, 1961, the motion for a new trial was denied by the trial court. On July 18, 1961, notice of appeal from the order denying a new trial was served by the plaintiffs on the defendants. The record is silent with respect to what has happened to that appeal. Thereafter no action in the case was taken by any of the parties until March 19, 1962, when defendants Fox and Mills caused judgment dismissing the action to be entered. This judgment was served upon the attorney for the plaintiffs upon March 20, 1962. On September 20, 1962, notice of appeal from this judgment was served upon the defendants. No steps were taken to secure a statement of the case upon this appeal until defendants Fox and Mills moved to dismiss the appeal in January 1963.

■ Our review of the record demonstrates that all parties to the action have been dilatory. In the circumstances we shall not attempt to determine where the greater fault lies. We think it better to give the parties an opportunity to find their way out of the procedural maze they have created, if that is possible.

Accordingly, it is ordered that this appeal will be dismissed unless it is perfected and filed for argument at the September

1963 Term of this Court and the case will be remanded to the district court to enable appellant to take appropriate action towards that end.

MORRIS, C. J., and TEIGEN, STRUTZ and ERICKSTAD, JJ., concur.