## WHITE v. SMITH.

| 68  313|
|117   63|

| 68  313|
|e119 286|

1. **Tax Sale:** REDEMPTION: WHO MAY REDEEM. Where a testator devised 6,000 acres of his land to certain named grandchildren, and the residue to plaintiff, and made plaintiff his sole executor, charged with the duty of selecting and setting aside to the several grandchildren their shares of the land, *held* that paintiff had such an interest in the land as entitled him to redeem a portion of it from tax sale. See authorties cited in opinion.

2. ————: ACTION TO REDEEM: PLEADING: NATURE OF PLAINTIFF'S INTEREST: RELIEF UNDER GENERAL PRAYER. In such case, though plaintiff alleged in his petition that he was the *owner* of the land, yet, under a prayer for general relief, he was entitled to a decree if he showed that his interest in the land was such as to entitle him to redeem, though that interest did not amount to ownership.

3. ————: ————: TENDER OF TAXES PAID: TIME OF TENDER. Where the action was originally to quiet title, but a tax title was set up in defense, and plaintiff in his reply offered to pay the amount necessary to redeem, and it does not appear that plaintiff had any knowledge of the tax title until the answer was filed, *held* that the tender or offer to pay was not too late. (Compare *Long v. Smith*, 67 Iowa, 22.)

4. ————: NOTICE TO REDEEM: "BLANKET" NOTICE NOT SUFFICIENT. A fair construction of the statute requires that a separate notice to redeem from a tax sale should be given to the person in possession of each tract of land, or the person to whom it is taxed; and the notice in this case, directed to W. and some fifteen other named persons, and unknown owners, and referring to the land in question and some fifteen other descriptions, *held* not sufficient to cut off the right of redemption.

5. **Tax Sale and Deed:** PRESUMPTION THAT NOTICE TO REDEEM WAS NECESSARY. From a recitation, in the tax deed relied on, that notice to redeem was given to W., "to whom the land was taxed," it must be inferred that the land was not taxed to an unknown owner, and that, hence, a notice to redeem was necessary to a valid tax deed.

6. ————: PRESUMPTION THAT NOTICE TO REDEEM WAS SERVED ON A LIVING PERSON. Where the land was owned at the time of the sale by Miles White, but he died before the service of the notice to redeem, having devised a large amount of lands in Iowa to his grandson, Miles White, and the published notice to redeem was addressed to Miles White, to whom the land was also taxed, it must presumed, in the absence of evidence to the contrary, that the notice was addressed to the living Miles White, and that the land was taxed to him.

*Appeal from Guthrie Circuit Court.*

WEDNESDAY, MARCH 17.

Action in equity to quiet the title to certain real estate. The plaintiff states in his petition that he is the absolute owner and in possession of the land, but that the defendant claims an interest therein adverse to the plaintiff, and asks that his title be quieted, and for general relief. The allegations of the petition were denied by the defendant, who pleaded that he was the owner of the undivided three-fourths of the real estate, and the answer was made a cross-petition, and the defendant asked that his title be quieted. In a reply, the plaintiff stated that the time for redemption from the tax sale under which the defendant claimed had not expired when this action was commenced, and that no affidavit as required by law was filed in the treasurer's office prior the execution of the tax deed; that no notice as required by law was given to the persons entitled thereto before the execution of the tax deed. Plaintiff offers to redeem from said tax sale, and to pay whatever amount may be adjudged due defendant as taxes paid. The plaintiff denied that defendant was the owner of any part of the land in controversy. The court found and decreed that the plaintiff was the owner of the land in controversy and was entitled to redeem. The defendant appeals.

*J. S. McCaughan,* for appellant.

*Fogg & Neal,* for appellee.

SEEVERS, J.—Miles White was the owner of the patent title to the land in controversy, and, for the purpose of establishing title in himself, the plaintiff introduced in evidence and relied on the will of Miles White, which was admitted to probate in Guthrie county in this state on the third day of December, 1883. The land was sold for delinquent taxes on the first day of November, 1875, and the same was conveyed

by the county treasurer to the plaintiff on the thirty-first day of August, 1880. The deed fails to recite that the notice required by law prior to the execution of the deed had been given, and for this and other reasons the plaintiff claims that this deed is void. In April, 1883, the treasurer executed another deed conveying the premises in controversy to the plaintiff. This deed recites that it was made to "correct errors and omissions in deed to same land made August 31, 1880," and it is also recited therein " that due notice has been given more than ninety days before the execution of these presents to Miles White, to whom said land was taxed, of the expiration of the time of redemption allowed by law." After introducing the conveyances in evidence, the defendant rested, and thereupon the plaintiff introduced in evidence the notice of the expiration of the period allowed to redeem, and also the proof of the service of such notice on file in the treasurer's office.

I. Miles White devised to certain named grandchildren upwards of 6,000 acres of land in Iowa, not otherwise disposed of in the will, the lands so devised to be selected and set aside by his executor within two years after the death of the testator, and the plaintiff was designated by the will as the sole executor. After making the foregoing and other devises, the testator devised all the rest and residue of his estate to the plaintiff. There was no evidence tending to show how much land the testator owned at the time of his death, and therefore it is insisted that the plaintiff has failed to show title in himself, and consequently his right to redeem does not appear, because the testator may not have owned any more land in Iowa than had been devised to his grandchildren. No specific land was so devised, and there is no evidence tending to show whether the executor had selected and set aside such land, although more than two years had expired after the death of the testator prior to the commencement of this action. The plaintiff has shown beyond question such an interest in the real estate as entitles

1. TAX SALE: redemption: who may redeem.

him to redeem.  Any one having an interest in land may redeem.  The plaintiff, as executor under the terms of the will, had such an interest.  *Rice v. Nelson*, 27 Iowa, 148; *Burton v. Hintrager*, 18 Id., 348; *Corning Town Co. v. Davis*, 44 Id., 622; *Cummings v. Wilson*, 59 Id., 14.  We do not understand counsel for the defendant to controvert the question above stated; but his contention is that, as the plaintiff averred that he was the owner of the land, he must, in order to redeem, establish that fact.  We think that, under the prayer for general relief, the plaintiff is entitled to redeem from the sale if he has shown that he has such an interest as entitles him to redeem.

2. ———: action to redeem: pleading nature of plaintiff's interest: relief under general prayer.

II.  Conceding that the right to redeem existed, it is insisted that the plaintiff is not entitled to do so, because he has not paid the taxes due upon the land, and that the tender was not made in time.  The answer, as set out in the abstract and herein, does not in terms set up and rely on a tax deed to defeat the claim relied on in the petition, but, from the evidence introduced and the argument of counsel, it clearly appears that the case was tried below on the theory that the defendant relied on the tax title to defeat the action, and that the sufficiency of such title, and whether the plaintiff was entitled to redeem, were the questions tried and determined in the circuit court, and we are now asked to determine such questions without reference to the condition of the pleadings, which we presume have been greatly abbreviated in the abstract.  The tender or offer to pay the taxes was made for the first time in the replication. Until the answer was filed the record fails to show that the plaintiff had any knowledge of the tax title.  As soon as it was asserted, the offer to pay was made, which we think was in time.  *Long v. Smith*, 67 Iowa, 22.

3. ———: ———: tender of taxes paid: time of tender.

III.  The first tax deed was executed in August, 1880; and, if it is valid, it may be that the defendant is not entitled to

White v. Smith.

**4. ——:notice to redeem: "blanket" notice not sufficient.** redeem. Before a tax deed can be lawfully executed, the notice contemplated in section 894 of the Code must be given, and proof of service thereof filed as therein provided. A notice was published in a newspaper, but whether such notice. is sufficient or not is the question to be determined. It is directed to Miles White, and some fifteen other named persons and unknown owners. It refers to and describes the particular eighty acres of land claimed by the plaintiff, and fifteen or more other descriptions of land in different sections and townships, and also a town lot in the town of Casey.

The statute provides that the notice shall be given by the "lawful holder of the certificate of purchase." It evidently contemplates that a notice shall be given by the holder of each certificate of purchase. A fair construction of the statute requires that a separate notice should be given to the person in possession of or to whom each tract of land was taxed. It is required, we think, that the holder of each certificate of purchase must give a notice which describes only the land therein referred to, and states the other statutory requisites. The notice in this case may be well designated as a "blanket notice," and such a notice is unknown to the law. A person is not and should not be required to look over fifteen or more descriptions of land to see if any is described in which he is interested, nor should he be required to look over as many names in a published notice to see whether such notice is directed to him. The notice is insufficient; and, as both deeds are based on the same notice, the right to redeem exists unless no notice was required to be given, which counsel for defendant contend in the case.

In the second deed introduced in evidence is the statement **5. TAX sale and deed: presumption that notice to redeem was necessary.** that notice was given to Miles White, "to whom said land was taxed." This we think is sufficient evidence that the land was so taxed, and therefore a notice was essential.

AFFIRMED.

ON REHEARING.

SEEVERS, J.—It is insisted in a petition for a rehearing that Miles White was dead at the time the notice referred to in the foregoing opinion was served, and it is claimed that it does not appear that the land was taxed to a living person, and, as no person was in possession, therefore no notice was required. *Fuller v. Armstrong*, 53 Iowa, 683. The service was by publication in a newspaper. The land was owned by Miles White in his life-time, and it appears that he died before any notice was required to be served. But there is no evidence showing that the land was taxed to and the notice served upon the deceased. The presumption must obtain that the land was taxed to and notice served on a living person. Especially must this be so when it appears that the deceased, Miles White, devised to his grandson, Miles White, a large amount of lands in Iowa. There is no pretense that the last-named Miles White is now dead. The presumption must obtain that he is living, and that the land was taxed to and the notice served on him.

The petition for rehearing is

OVERRULED.

6. ——: presumption that notice to redeem was served on a living person.