IONE AMBLER, APPELLANT, v. D. C. PATTERSON, TRUSTEE, APPELLEE.[*]

FILED JANUARY 23, 1908.   No. 15,236.

1. **Tax Deed**: SETTING ASIDE.   After confirmation of a sale for delinquent taxes made under the so-called scavenger act, the deed issued to the purchaser will not be set aside on account of irregularity in the levy of the tax, or because an item of void special tax was included in the sale.

2. **Taxation**: NOTICE TO REDEEM.   A fair construction of the statute requires that a separate notice to redeem from a tax sale should, when published, be given to the owner of the land sold.

3. ———: ———.   A notice running to several different persons, and describing different tracts in which each had a separate interest or ownership, is not sufficient.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE.   *Reversed.*

*W. A. Saunders,* for appellant.

*H. P. Leavitt, contra.*

*W. H. Herdman* and *Charles Battelle, amici curiæ.*

DUFFIE, C.

The plaintiff brought this action to quiet her title to lot 9, in block 16, in Ambler Place, an addition to the city of Omaha. She alleges that the defendant is in possession thereof, claiming title to the same under a tax deed issued by the treasurer of Douglas county under what is known as the "Scavenger Tax Law." The district court sustained

---

[*] Rehearing denied.   See opinion, p. 575, *post.*

a demurrer interposed to the petition, and dismissed the action, and the record has been brought here on appeal.

It is alleged in the petition that on July 1, 1904, a petition was filed in the office of the clerk of the district court for Douglas county, Nebraska, in the form prescribed by chapter 77, art. IX, Comp. St. 1903; that notice thereof was published as provided by section 7 of said act; that in the petition and notice plaintiff's property was described and taxes to the amount of $47.09 claimed as due thereon; that of these taxes $8.69 was for regular city taxes for the years 1894 to 1897, both inclusive; that $2.52 of said taxes was for repairing a sidewalk adjacent to the property. It is further alleged that the sidewalk tax is void for non-compliance with certain provisions of the charter of the city in assessing and levying the same. It is shown that a default decree was entered against the lot in September, 1904, the lot being described as tract No. 2,835, and that subsequently to the entry of said default decree "a notice of sale was published as provided in said act"; that on January 27, 1905, a sale of the lot was made to defendant herein and a certificate duly issued to him. Further it is alleged "that subsequently, on the 3d day of October, 1906, a certain affidavit for publication of final notice was filed in said tax suit, a copy of which is hereto attached marked 'Exhibit 5' and made a part hereof, and thereafter a certain notice, designated as 'Final Notice,' was published in the Omaha Bee, a copy of which, together with proof of publication, was filed in such suit on January 25, 1907, is hereto attached, marked 'Exhibit 6,' and made a part hereof"; that thereafter notice of confirmation was entered in the confirmation record, and an order of confirmation made on February 16, 1907. It is further shown that during all of these proceedings the plaintiff was a non-resident of and absent from the state of Nebraska, and had no actual or personal knowledge of the proceedings. It is also alleged that prior to commencing the action plaintiff had tendered to the defendant the full amount by him paid at tax sale and all subsequent taxes by him

paid upon the lot, together with interest and costs, and that she had tendered to the treasurer of the county the full amount of the county and city taxes charged against said real estate, after crediting the amount paid by the defendant at the time of the sale.

The objection made to the sidewalk tax is that no notice of any kind to construct or repair the sidewalk was ever served upon the plaintiff, who at that time had a known residence in the city; that in respect to the regular taxes of the city, which were delinquent upon the lot when the sale was made, the city council failed to hold a session of not less than five days as a board of equalization to equalize the taxes of said year, and failed to give notice of any sitting or session of the council for said purpose. After confirmation of the sale made under the provisions of the scavenger tax law, no irregularity in the assessment or levy of the tax will operate to avoid the sale. Ample opportunity is offered the owner of real estate to contest the validity of the tax prior to the issuance of the deed. The statute is a public one, and of itself is notice to the taxpayer that any and all objections to the tax assessed against his property must be presented to the court before confirmation of the sale is had. After confirmation the purchaser takes absolute title to the land purchased, and the taxpayer has no remedy to recover his estate, unless he can impeach the proceedings on grounds upon which equity would base relief against a judgment in other cases.

In an *amicus curiæ* brief filed by W. H. Herdman, it is insisted that the notice of sale set out in the petition is insufficient, for the reason that it was not published three consecutive weeks in October, 1904. Section 17 of the act provides for the notice of sale in the following words: "It shall be the duty of the county treasurer of each county in the month of October of each year to cause a notice to be published once a week for three consecutive weeks, in some newspaper published and of general circulation in the county," etc. Comp. St. 1903, ch. 77, art. IX. The

proof of publication found in exhibit 3, attached to the petition, shows that the notice of the sale was published on October 11, 18, and 25,.1904, and it is insisted that the last week of the publication would end November 1, and that the completed publication was not made in the month of October. To us this objection appears extremely technical, and we are satisfied that three successive publications made in a weekly newspaper, each issue of which was published during the month of October, meets the requirements of the statute.

Again, it is insisted that the final notice of redemption is insufficient. Section 33 of the act provides for personal service of notice to redeem upon the resident owners and upon parties in possession of the real estate sold. Section 34 makes provision for such notice.to be given to non resident owners by publication. The notice in this case is .headed "Tracts No. 2,820, 2,821, 2,831, 2,835," and i · directed to "Fannie Edna Osborn, Ione Ambler, Louisa P. Ambler, owners, and to unknown owners, and to the oc cupants, of the real estate described below." The real estate described in the notice is lots 1 and 2, in block 15, and lots 1 and 9, in block 16, in Ambler Place. The record does not show, nor is it claimed, that the plaintiff herein was the owner of more than one of these lots, and the question is whether a notice which may be called a "blanket notice," directed to several parties owning several distinct and separate tracts of land, is such a notice as is contemplated by the statute.

The scavenger act provides for the enforcement and collection of delinquent taxes by an action in court. The treasurer is to file a petition embracing a description of all lands delinquent for taxes, each tract to be numbered. While all tracts that are delinquent are embraced in the same petition, the statute makes the action a separate suit against each tract and its owner. Section 6 of the act provides: "The filing of such petition shall operate as the commencement of a separate (several) action against each parcel of real estate shown in the petition,

as well as against every party having or claiming any interest, right, title or claim in, or to, such real estate or any part thereof." Section 14 of the act, among other things, provides: "The court may, on its own motion, or on motion of either party, consolidate all cases and defenses in which the answers present identical issues, provided, cases shall not be consolidated where objection is made by either party." There can be no doubt that we must regard the proceeding as a separate action against each tract of land and against each owner, and that all proceedings had relating to any particular tract, or the owner of such tract, must be regarded as an independent and separate action brought against that tract and the owner thereof. It is true that the purchaser of more than one tract may have the several tracts bid in by him embraced in one certificate of sale, and in one deed when confirmation of the sale is made, but this may be done only because the statute makes special provision therefor. In no other respect can duality of proceeding occur.

An Iowa statute provides for giving notice to the owner of real estate sold for taxes by the holder of the certificate. The effect of embracing several different tracts owned by different parties in one published notice was before the supreme court of that state in *White v. Smith*, 68 Ia. 313, 25 N. W. 115, and it was there said: "The statute provides that the notice shall be given by the 'lawful holder of the certificate of purchase.' It evidently contemplates that a notice shall be given by the holder of each certificate of purchase. A fair construction of the statute requires that a separate notice should be given to the person in possession of or to whom each tract of land was taxed. It is required, we think, that the holder of each certificate of purchase must give a notice which describes only the land therein referred to and states the other statutory requisites. The notice in this case may be well designated as a 'blanket notice,' and such a notice is unknown to the law. A person is not and should not be required to look over fifteen or more descriptions of land to see if any is

described in which he is interested, nor should he be required to look over as many names in a published notice to see whether such notice is directed to him. The notice is insufficient; and, as both deeds are based on the same notice, the right to redeem exists unless no notice was required to be given, which counsel for defendant contend in the case." We fully concur in this reasoning, and believe that each owner is entitled to a separate notice directed to him alone, describing his own land only, and that what the Iowa court terms a "blanket notice" is not sufficient.

Other objections raised in this brief need not be considered, as the petition recites that the matters objected to were done and performed as required by the provisions of the act, and no fact to the contrary is alleged or shown.

Because of the insufficiency of. the final notice of redemption, we recommend a reversal of the judgment appealed from.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment appealed from is

REVERSED.

The following opinion on motion for rehearing was filed October 8, 1908. *Rehearing denied:*

DUFFIE, C.

A motion for rehearing, supported by a brief of unusual merit, induced us to order a reargument of the case, and to reexamine the opinion herein, *ante,* p. 570.

The objection urged against the opinion is our holding that a notice running to several different persons and describing different tracts, in which each had a separate interest or ownership, is not sufficient to comply with the statute relating to "final notice" before confirmation of the sale is had. A thorough examination of what is known

as the "Scavenger Act" (Comp. St. 1903, ch. 77, art. IX) convinces us that it was the intention of the legislature to allow the owner of land, against which a decree of sale for delinquent taxes has been entered, every opportunity to save his land, either by paying the amount of the decree prior to a sale, or by redeeming from the sale afterwards made. That the act should receive a liberal construction in favor of the owner to comply with this evident purpose of the legislature should not be denied; and it is our duty to afford the owner the opportunity to redeem his land where full and actual compliance with the statute has not been observed. The language of section 33 of the act, providing for service of a "final notice," is, to our minds, quite conclusive that a separate notice relating only to his own lands should be served on each owner and occupant thereof. It is true that the statute allows a purchaser to have any number of tracts purchased by him embraced in the same certificate, but it would be absurd to hold that the sheriff, in preparing the final notice which he is required to serve upon the owners and occupants of land, should embrace in such notice a hundred or more of such owners, and a like number of tracts belonging to different owners, if the certificate of sale contains that number. While we inadvertently misquoted the language of section 6 of the act, using the word "separate" instead of the word "several" in our former opinion, we cannot escape the conclusion that, while the legislature provided for embracing in one petition all lands upon which taxes were unpaid, it was the intention to deal with the several tracts and the several owners thereof as though a separate action had been filed against each. The language of section 6 implies that this is so: "The filing of such petition shall operate as the commencement of a several action against each parcel of real estate shown in the petition, as well as against every party having or claiming any interest, right, title or claim in, or to, such real estate or any part thereof." If a separate suit had been commenced against each tract and the owner thereof, it would hardly be con-

tended that numerous tracts and numerous owers could be embraced in the same final notice, and it would be unfair to the owner of the land, especially where the notice is given by publication, to require him to examine a list of numerous names to see if his own appears therein, or numerous descriptions of real estate to ascertain whether any of his own lands were among the descriptions. The purpose of the statute was to bring home to the owner by direct notice the fact that his land had been sold and that a last opportunity to redeem was now offered him. Further consideration and reflection has convinced us that our former holding is right, and should be adhered to. Of course, different tracts belonging to the same owner ay be included in one notice, as this could have no tendency to mislead him. A rehearing is

DENIED.