JOHN J. STUBBS, Suing for the Use and Benefit of Charles Battelle, v. W. G. HOERR.

(125 N. W. 1062.)

Opinion filed March 18, 1910.

Appeal from District Court, Emmons county, *W. H. Winchester, J.*

Action by John J. Stubbs against W. G. Hoerr. Judgment for plaintiff, and defendant appeals.

Modified and Affirmed.

*Cochrane & Bradley,* for appellant.

*Lynn & Coventry,* for respondent.

PER CURIAM. Aside from certain unimportant details, including the parties, the real property involved, and amount of taxes, the facts are the same as those in McKenzie v. Boynton, 19 N. D. 531, 125 N. W. 1059, with this exception, that in the case at bar plaintiff, at the time notice of the expiration of the time for redemption was attempted to be served on him, was a nonresident of this state. The stipulated facts disclose that a notice, signed "Emmons County, North Dakota, by W. H. Allen, County Treasurer," was sent by registered mail, addressed to plaintiff at Papillion, Nebraska, but was never delivered, same having been returned; also that the said Allen, as treasurer, caused to be published in the Emmons County Record an alleged notice addressed "To all persons, companies, or corporations who have or claim any estate, right, title, or interest in, or claim or lien upon, any of the several pieces or parcels of land described in the list hereto attached." Such alleged notice contains a list of names and a description of various tracts of land opposite such names, and plaintiff's name appears therein, opposite which is a description of the land in controversy. The same is signed "Emmons County, N. D., by H. W. Allen, Treasurer." The attempted service of the notice of the expiration of the time for redemption was clearly insufficient. The statute (section 14, chap. 67, Laws 1897) requires services of such notice to be made, where the

owner of the land is a nonresident of the state, by registered letter addressed to such owner at his last-known post office address, and by publication thereof in a newspaper published in the county where the land is situated, for at least thirty days.  Not only does the record fail to show that plaintiff's last-known address was Papillion, Nebraska, but the notice as published in such newspaper, even conceding that the county treasurer had the right to give such notice, is not a compliance with the statute.  A notice addressed generally, and running to no particular person or persons, and describing different tracts owned by different persons, is not a sufficient compliance with the statute.  The rule announced in Ambler v. Patterson, 80 Neb. 570, 114 N. W. 781, and Id. 80 Neb. 575, 117 N. W. 990, under a similar statute is, we think, sound.  To the same effect are the decisions in Iowa.  See White v. Smith, 68 Iowa, 313, 25 N. W. 115, 27 N. W. 250, and Adams v. Burdick, 68 Iowa, 666, 27 N. W. 911.

No proper notice of the expiration of the time for redemption having been served, the rules announced in McKenzie v. Boynton, supra, are controlling, and require an affirmance of the judgment appealed from, after the same is modified in the particulars in which the judgment in McKenzie v. Boynton was directed to be modified; appellant to recover his costs on this appeal.