D. C. PATTERSON, TRUSTEE, APPELLANT, v. CHARLES E. REITER, APPELLEE.

FILED MARCH 12, 1912.    No. 16,629.

1. Taxation: JUDGMENT: RULE OF PROPERTY. *Ambler v. Patterson,* 80 Neb. 570, 575, adhered to, and *held* to have established a rule of property in Nebraska upon the questions therein decided.

2. Quieting Title: PLEADING. The pleadings set out in the opinion examined as a whole, and *held* properly construed by the trial court and sufficient to support the judgment entered thereon.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*D. C. Patterson,* pro se.

*Thomas W. Blackburn,* contra.

FAWCETT, J.

Plaintiff brought suit in the district court for Douglas county to quiet his title to lot 7, in block 4, in Thornburg, and to lots 6 and 7, in block 6, in West Cuming; both designated as additions to the city of Omaha. The petition alleges that plaintiff acquired title to the lots in controversy by deeds from the county treasurer of Douglas county; that said deeds were founded upon and executed

in pursuance of proceedings in the district court for Douglas county in a state tax suit for the year 1904; that the proceedings from the commencement of said tax suit to and including the execution of the deeds were in all respects regular and valid; that the district court had jurisdiction of the suit and of all persons and corporations having any right, title, claim or interest in the lots described; that by virtue of said proceedings and deeds plaintiff acquired and now has a valid and indefeasible title in fee simple to all of the lots. The petition then sets out the names of the persons who, by the records in the register of deeds' office of Douglas county, appeared, during all of the proceedings in the suit referred to, to be the owners of the lots described, and alleges that, since plaintiff acquired the title and possession of the lots, such owners have conveyed the same by quitclaim deeds to the defendant. The prayer is that the plaintiff be adjudged the owner in fee simple of all of the lands described and that his title may be quieted.

The answer denies all allegations in the petition not specifically admitted; admits the ownership at the time of the commencement of said tax suit of the parties named in plaintiff's petition and the conveyance by said parties of the lots in controversy to the defendant; alleges that on behalf of the parties of whom he purchased, and of himself, defendant offered to pay plaintiff all sums of money paid by plaintiff to the county of Douglas or to any of its officers or to any other person, in and about the proceedings connected with the said case, with 7 per cent. interest, but that plaintiff refused to consider any proposition whatever except such sums as plaintiff claimed would be necessary to redeem said lots from taxes; and that plaintiff informed defendant that he would not consider any tender of any less sum; that the property was sold at tax sale to plaintiff, stating the amounts which plaintiff paid as such purchaser; that the deeds executed by the county treasurer to plaintiff were, at the time they were issued, and at all times since have

been null and void, for the reason that, prior to the execution of the tax deed, no notice of the expiration of the time of redemption from the tax sale and no final notice, as provided in section 33, ch. 75, laws 1903, under which said property was sold, notifying defendant's grantors of the time when said real estate was sold, or the time when the period of redemption from such sale would expire, were served; that the only notice claimed to have been served upon said parties was a final notice claimed to have been published and served by publication; that said printed notice did not comply with the law as appears upon the face thereof, in that the so-called final notice was what is termed a blanket notice, covering a large number of lots and tracts of land owned by different persons. For further answer, and by way of cross-petition, defendant offered to pay to plaintiff the sums which he had paid on account of the purchase of said lots, together with 7 per cent. interest; alleges that defendant is the owner of the lots described, and that plaintiff's claim is a cloud upon his title; concluding with a prayer that the alleged title set up in plaintiff's petition be declared null and void; that the deeds of the county treasurer to plaintiff be declared null and void and canceled of record as against the property in controversy; that the court take an account and ascertain the amount actually paid in and about the proceedings whereby the pretended deeds from the county treasurer were obtained by plaintiff, with interest on said total sum; and that a decree be entered that, upon payment by defendant of the amount so found due, his title to the lots in controversy be quieted and confirmed in him.

For reply plaintiff admits the ownership of defendant's grantors at and prior to the confirmation of the sale in said state tax suit and the issuance to plaintiff of the deeds set out; and alleges that by said proceedings defendant's grantors had lost their title to the premises in controversy and that their conveyances to plaintiff were null and void; admits the purchase of the lots for the

sums set out in defendant's answer and again alleges the regularity of all proceedings and the validity of his deeds; admits that defendant had tendered to him full payment of the amounts which he had paid out for said property, including all subsequent taxes and costs, with 7 per cent. interest thereon; and alleges that the amount so paid out by him, with interest at 7 per cent., would be $130; that the amount so paid out, with 1 per cent. per month interest, would be $146; that the tax decree rendered against the lots was for the sum of $271.29; that, if plaintiff's deed should be held to be void and that defendant has the right of redemption, the amount necessary to redeem said lots would be $514; that neither the defendant nor his grantors have redeemed or offered to redeem said lots; admits that the only final notice given to the owners of said lots is the notice set out in defendant's answer.

Upon the trial the district court found against the plaintiff on his petition as to both of his causes of action; that at the time of the commencement of this suit defendant was the owner in fee simple of the lots in controversy; that plaintiff has no estate or interest in said lots; that the deeds of the county treasurer to plaintiff were of no force and effect and should be canceled, and that the relief prayed for by defendant should be granted, finds the amount expended by plaintiff to be as stated by him in his reply, to wit, the sum of $130, and that plaintiff is entitled to a lien upon the lots in controversy for said sum, together with interest at 7 per cent. per annum from the time of his purchase until the date of defendant's tender, and adjudged that defendant's title to the lots in controversy be quieted, subject to the lien so found; that the deeds referred to are null and void and are canceled in so far as the lots in controversy are concerned; that plaintiff and all persons claiming under him are barred and enjoined from claiming any interest other than represented by such lien. From this decree plaintiff has appealed.

Patterson v. Reiter.

No evidence was taken; the judgment being rendered upon the pleadings as above set out. The errors assigned are: "First. The lower court erred in holding the tax deeds void by reason of a 'blanket' notice. Second. The lower court erred in setting aside the tax deed and in quieting appellee's title upon payment *only* of the amount the lots sold for at the sale instead of the amount of the decrees against the lots. Third. The court erred in setting aside the tax deeds and quieting appellee's title upon payment óf the bid price, with sub taxes and costs and with interest at *only* 7 per cent."

In his brief plaintiff concedes that, under the holding of this court in *Ambler v. Patterson,* 80 Neb. 570, the "blanket" notice rendered the deeds void, but he urges, that our decision in that case was wrong and asks us to now recede therefrom. The reason given for asking us to review that question is "that the question was not fully presented to the court upon the hearing of that case —no reference to the question being made in either plaintiff's or defendant's briefs filed therein, and as the authority upon which this court based its decision was to some extent later modified by the supreme court of Iowa," in certain cases noted. We have not taken the time to examine the briefs filed upon the original hearing of *Ambler v. Patterson,* but we have examined the brief filed at that time in support of a motion for rehearing, and find that an able brief of 22 printed pages, prepared by counsel of high standing, was submitted. In 80 Neb. 575, in passing upon the motion for rehearing, Mr. Commissioner DUFFIE said: "A motion for rehearing, supported by a brief of unusual merit, induced us to order a reargument of the case, and to reexamine the opinion herein." The opinion upon rehearing then proceeds to consider the argument advanced in support of the contention that the original opinion was wrong, and concludes thus: "Further consideration and reflection has convinced us that our former holding is right, and should be adhered to." Plaintiff here was defendant in that suit. He was given

a full hearing at that time. The opinion and judgment of this court complained of were carefully considered on the application for a rehearing and adhered to. The judgment there announced has stood unchanged and unchallenged for more than three years, and, considering the nature of the question involved, it ought now to be considered as a rule of property in this state. We must therefore decline to again consider the question. This disposes of plaintiff's first assignment.

The second and third assignments may be considered together, and, we think, must both be decided adversely to plaintiff's contention. The case under consideration here is a plain, ordinary suit to quiet title. Plaintiff bases his title upon deeds received by him in a proceeding which he sets out. He asserts, and relies throughout the trial upon the assertion, that those deeds were valid and vested in him a perfect and indefeasible title. The question of redemption from a tax sale is not raised, but his demand simply is that his title be quieted because of the fact that he holds what he alleges are valid deeds which vest in him the title to the property. Defendant alleges that the deeds are invalid and never vested any title whatever to any of the property in plaintiff, but offers to do equity by repaying plaintiff the consideration which he paid for his void deeds, together with all moneys that he had paid out or expended in connection therewith and for subsequent taxes, etc., together with 7 per cent. interest. We think this was all that defendant was required to do, and that the trial court was right in so holding.

The judgment of the district court is therefore

AFFIRMED.