[File No. 7363]

ETHEL ANN KNUDSEN, Respondent, v. JAMES W. LYONS, JR.; James W. Lyons, Jr., as Executor of the Last Will and Testament of James William Lyons, Deceased; Jean Maude Lyons; Marguerite G. Hvidston; and Hazel L. Franz, Appellants.

(58 NW2d 845)

Opinion filed May 27, 1953

*Daniel S. Letnes,* for appellants.

*Philip R. Bangs,* for respondent.

CHRISTIANSON, J. This controversy originated in the County Court of Grand Forks County and involves a proceeding for the probate of a will. The material facts are as follows: On November 21, 1950, James W. Lyons, Jr., Jean Maude Lyons, Ethel Ann Knudson, Marguerite G. Hvidston and Hazel L. Franz filed with the County Court of Grand Forks County in this state a petition denominated "Petition for Proof and Probate of Will." Said James W. Lyons, Jr., Jean Maude Lyons, Ethel Ann Knudsen, Marguerite G. Hvidston and Hazel L. Franz were also named as respondents. According to the allegations of the petition the petitioners and respondents were the son and daughters of and all the heirs at law of James William Lyons, deceased. In the petition it was alleged that said James William Lyons died on or about November 15, 1950, and was at the time of his death a resident of the City of Grand Forks, State of North Dakota, and that said decedent "left a Last Will and Testament which is herewith presented in this Court for probate; that your petitioners are all of the children of said decedent, all of the legatees and devisees in said Last Will and Testament." The instrument referred to and designated as the Last Will and Tes-

tament of said James William Lyons, deceased, is dated January 2, 1945, and is made a part of the petition. It is further alleged that said Last Will and Testament was prepared in accordance with the specific instructions of the decedent and in accordance with his wishes. That the same was prepared by respondent Hazel L. Franz, one of his daughters, prior to January 2, 1945, but that the decedent did not sign such instrument at the time it was prepared. That the instrument is dated in the hand writing of the decedent and "witnessed apparently by Norman Nelson and Frank Penwarden whose signatures appear affixed to such instrument; that through apparent oversight the decedent neglected to sign the will in his own handwriting but that said identical Will and Testament was found in the decedent's safety deposit box" in a bank at Grand Forks after his death. It is stated in the petition that the petitioners petition and request the court to construe such instrument as the Last Will and Testament of said decedent and to give effect to all of its terms and provisions and that the petitioners individually and jointly waive any and all defects and irregularities contained in said Last Will and Testament dated January 2, 1945, insofar as the execution thereof does not comply with the laws of wills and succession of the State of North Dakota and agree to abide by all of its terms and provisions and not object to a final decree if and when the same shall be entered. On the same day that the Petition for Proof and Probate of Will was filed with the County Court of Grand Forks County the county court apparently received the testimony of the two attesting witnesses on blank forms entitled "Proof of Will." Such testimony was signed by the respective witnesses and sworn to before the judge of the county court. Such testimony was taken on a printed form and the words in such form stating that the instrument was "signed, sealed, executed" by the said James William Lyons were stricken out so that the testimony is merely to the effect that on the 2nd day of January, 1945, the said instrument was acknowledged, published and declared by the said James William Lyons, deceased, to be his Last Will and Testament. The instrument denominated Last Will and Testament of James William Lyons was not signed by the decedent or by anyone on his behalf. The

instrument was unsigned and the allegations in the petition "for proof and probate of will" show affirmatively that it was not signed or executed by said decedent. On the same day that the petition for "Proof and Probate of Will" was filed with the county court, namely on November 22, 1950, the county court executed a certificate of probate reciting that the instrument was duly proved before the county court and admitted to probate by said court as the Last Will and Testament of said James William Lyons, deceased, and on the same day the county court also issued letters testamentary to the respondent James W. Lyons, Jr. On February 13, 1951, petitioner Ethel Ann Knudsen filed with the county court a document entitled Petition for Rehearing dated February 10, 1951, praying that upon due notice and citation a rehearing be granted the petitioner and that upon such rehearing "the Order and Decree Admitting Will to Probate be set aside, vacated, and annulled."

The first ground set forth in the petition for a rehearing why the order and decree admitting the will to probate should be set aside, vacated and annulled is as follows:

"1. That the pretended will as admitted to probate was not and did not purport to have been signed or subscribed by the testator; that the witnesses thereto did not testify that the said instrument was signed or subscribed by the deceased, but testified only that it was published and declared by him to be his last will and testament; that there was before the Court no evidence of any nature that said will was signed, subscribed or otherwise authenticated by the decedent; and that in the absence of any subscription and competent evidence thereof, there was no will, as that term is defined by law, before the Court, and the Court was therefore without jurisdiction to admit the said instrument to the probate as the last will and testament of deceased."

A hearing was had upon the petition for a rehearing at which the parties introduced evidence. On March 5, 1951, the county court entered its order dismissing the petition for a rehearing. On March 14, 1951, the petitioner Ethel Ann Knudsen appealed to the district court from the order of the county court dismissing the petition for a rehearing. When the matter came on to be heard before the district court, the respondents on such appeal

objected to the jurisdiction of the district court to hear and determine the appeal on the grounds that Ethel Ann Knudsen by joining in and filing the petition for Proof and Probate of Will conferred jurisdiction upon the County Court of Grand Forks County to admit the will to probate and that the appellant is estopped from appealing to the district court and is estopped on such appeal to raise the question of jurisdiction of the county court to hear the petition for Proof and Probate of Will and to admit the proposed will to probate; the district court reserved rulings on the objections and heard the appeal on its merits. After due consideration the district court rendered its decision overruling the objections to the jurisdiction of the district court to hear and determine the appeal and further ordered that the order of the county court dismissing the petition for a rehearing be vacated and set aside and that the county court make and enter an order setting aside, vacating and annulling the order and decree of the county court entered on November 22, 1950, which established and allowed the document involved in the proceeding as the Last Will and Testament of the decedent, James W. Lyons; that the county court also make and enter an order vacating the certificate of probate which admitted such document to probate; and that the county court proceed to appoint an administrator of the estate and issue appropriate letters of administration in lieu of the letters testamentary which had been issued on November 22, 1950, to James W. Lyons, Jr.

The respondents on the appeal from the county court to the district court have appealed to this court from the order of the district court.

The district court was clearly right in overruling the objections to the jurisdiction of the district court to hear and determine the appeal from the county court and in affirming the decision of the district court ordering that the order of the county court dismissing the petition for rehearing be vacated and set aside and that the county court make and enter an order setting aside, vacating and annulling the order and decree of the county court entered on November 22, 1950, which established and allowed the document presented as the Last Will and Testament of James W. Lyons, deceased, and in directing the county court

to make and enter an order vacating the certificate of probate which admitted such document to probate.

The laws of this state provide:

"No will is valid unless executed according to the provisions of this chapter, or according to the law of the place in which it was made, or in which the testator at the time was domiciled." NDRC 1943, 56–0307.

"Every will, other than a nuncupative will, must be in writing." NDRC 1943, 56–0301.

"Every will, other than an olographic will and a nuncupative will, must be executed and attested as follows:

1. It must be subscribed at the end thereof by the testator himself, or some person, in his presence, and by his direction, must subscribe his name thereto; . . . ." NDRC 1943, 56–0302.

"A nuncupative will is not required to be in writing nor to be declared or attested with any formalities. To make it a valid will and to entitle it to be admitted to probate, the following requisites must be observed:

1. The estate bequeathed must not exceed in value the sum of one thousand dollars;

2. It must be proved by two witnesses who were present at the making thereof, one of whom was asked by the testator at the time to bear witness that such was his will, or to that effect;

3. The decedent, at the time,

a. Must have been in military service in the field in actual contemplation, fear, or peril of death, or

b. Doing duty on shipboard at sea in actual contemplation, fear, or peril of death, or

c. Must have been in expectation of immediate death from an injury received the same day." NDRC 1943, 56–0303.

"An olographic will is one that is entirely written, dated, and signed by the hand of the testator himself. . . . ". NDRC 1943, 56–0304.

"A rehearing in county court may be granted for one or more of the following causes:

1. Mistake, inadvertence, surprise, or excusable neglect of the party making the application; . . . .

4. The nonexistence of any fact necessary to jurisdiction." NDRC 1943, 30–0308.

"A decree which grants the probate of a will is conclusive if the court had jurisdiction, unless reversed on appeal or vacated on a rehearing applied for within one year, saving to minors and persons of unsound mind or otherwise incompetent a like period of one year after their respective disabilities are removed." NDRC 1943, 30–0524.

The above quoted statutory provisions of this state are specific and mandatory. There can be no will under the laws· of this state other than a nuncupative will except by an·instrument in writing and subscribed at the end thereof by the testator himself or by some person in his presence and by his direction. The document presented for probate as the Last Will and Testament of James W. Lyons clearly was not a nuncupative will. Hence, the petition for Proof and Probate of Will was fatally defective in matter of substance. It not only failed to show that the document presented had been executed and subscribed by the testator himself or some person in his presence and by his direction, but it showed affirmatively. that it had not. In other words the petition failed to state facts constituting any cause whatsoever for the probate of the document as a will and "neither consent, nor waiver, nor estoppel" could make it a will, or give the county court jurisdiction to admit it and to adjudicate rights under it as such. Woolsey v. Security Trust Co., 74 Fed 2d 334, 97 ALR 1081; 19 Am Jur, Estoppel, Sec 74, pp 712–713; 41 Am Jur, Pleading, Sec 390, pp 560–561; 57 Am Jur, Sec 942, p 619; Goodin v. Casselman, 51 ND 543, 549, 200 NW 94; Gjerstadengen v. Van Duzen & Co., 7 ND 612, 76 NW 233, 66. Am St Rep 679; Gjerstadengen v. Hartzell, 9 ND 268, 83 NW 230, 81 Am St Rep 575; Finn et al. v. Walsh et al., 19 ND 61, 121 NW 766, 769.

In Goodin v. Casselman, supra, this Court said:

"The jurisdiction of the probate court does not extend to the determination of the rights in property left by a deceased, where such right does not depend upon heirship or will but upon contract." 51 ND at p 543.

"Obviously, the jurisdiction of the county court in probate

matters is a jurisdiction, so far as wills are concerned, to deter-mine whether or not a will that is offered for probate has been executed in the manner required by statute, by a person who at the time had testamentary capacity, and that such person had exercised his right to make a will without being unduly influenced by others." 51 ND at p 549.

American Jurisprudence says:

"Where judicial tribunals have no jurisdiction of the subject matter on which they assume to act, their proceedings are absolutely void in the strictest sense of the term; and a court which is competent to decide on its own jurisdiction in a given case may determine that question at any time in the proceedings of the cause, whenever that fact is made to appear to its satisfaction either before or after judgment. Accordingly, an objection for want of jurisdiction, if it exists, may be raised by answer or at any subsequent stage of the proceedings; in fact, it may be raised for the first time on appeal. A court will recognize want of jurisdiction over the subject matter even if no objection is made. Therefore, whenever a want of jurisdiction is suggested, by the court's examination of the case or otherwise, it is the duty of the court to consider it, for if the court is without jurisdiction, it is powerless to act in the case." 14 Am Jur, Courts, Sec 191, p 385.

"The doctrine of waiver as applied to pleadings has well-established limitations. It cannot be invoked in respect to all faults in the pleading, irrespective of their gravity, for there are some defects and omissions so vital and radical that want of objection cannot cure them since they go to the very substance of the matter in litigation. Of such character is an objection that the pleading discloses a want of jurisdiction over the sub-ject matter of the suit, as distinguished from jurisdiction over the person, or that it wholly fails to state a cause of action which will support a judgment. Failure to state a cause of action is never waived unless aided or cured by the answer or subsequent proceedings." 41 Am Jur, Pleading, Sec 390, pp 560–561. See, also, NDRC 1943, 28–0709.

In the order appealed from the district court directed that the county court proceed to appoint an administrator of the estate

and issue appropriate letters of administration in lieu of the letters testamentary which had been issued on November 22, 1950, to James W. Lyons, Jr. The county court, of course, has jurisdiction to entertain a petition for letters of administration for such property as James W. Lyons may have left in this state which had not been disposed of by will, NDRC 1943, 30–0801; but an administrator may be appointed only as provided by the laws relating to administration of estates of intestates. Hence, the district court is directed to modify its order by eliminating therefrom the direction to the county court that it proceed to appoint an administrator of the estate of James W. Lyons, deceased, and as so modified the order appealed from is affirmed.

MORRIS, C. J. and SATHRE, BURKE and GRIMSON, JJ., concur.