In re ESTATE of Emma ASHBROOK.

C. H. ERBELE, Petitioner and Appellee,

v.

Mary Owen GLERUM, Respondent and Appellant,

Nell Doyon Pabst, formerly Nell J. Doyon, Rolf D. Glerum, Jr., Nellie Gadge Wells, Episcopal Missionary District of North Dakota, North Dakota Episcopal Women's Auxiliary and all other persons unknown interested in said Estate, Respondents.

No. 7936.

Supreme Court of North Dakota.

May 27, 1961.

Rehearing Denied Aug. 10, 1961.

Duffy & Haugland, Devils Lake, for respondent and appellant.

Day, Stokes, Vaaler & Gillig, Grand Forks, and Ralph S. Oliver, Larimore, for petitioner and appellee.

TEIGEN, Judge.

This is an appeal from an order of the district court dismissing an appeal taken from the county court. The only question is whether the appellant, in attempting to perfect her appeal from the county court to the district court proceeded in such a manner as to confer jurisdiction upon the district court.

It appears Mary Owen Glerum unsuccessfully sought to contest a document purporting to be the last will and testament of Emma Ashbrook, deceased, in county court. The county court found in favor of the petitioner, C. H. Erbele, and entered its order admitting the document to probate as the last will and testament of the deceased, Emma Ashbrook. It is from this order admitting will to probate that the appellant attempts to appeal.

The district court was of the opinion that the appeal had not been properly perfected and that it, therefore, lacked jurisdiction. This was on the ground that the statutory requirements relative to service of the notice of appeal had not been met. It ordered the appeal dismissed.

The petitioner in the county court is the person designated as executor in the document admitted as the last will and testament of the deceased. He was the movant in the district court for a dismissal of the attempted appeal, and he is referred to as the appellee in this proceeding.

The appellant, in order to obtain service upon the parties, including the appellee herein, caused a notice of appeal to be mailed to each of them by ordinary mail. A copy of the notice of appeal was also mailed by ordinary mail to the attorney of record in the county court for the appellee. The appellant prepared and filed in the county court an affidavit of mailing, which affidavit discloses that all of the proper steps were taken to make service by mail as provided by Section 30-02-11, NDCC, except that the mailing was not by registered or certified mail.

The mailings in the manner afore-described were completed to all of the parties of the appeal, except one, within the statutory time provided for the taking of appeals from the county court as provided by Section 30-26-03, NDCC. The mailing of the notice of appeal to one party was made four days after the statutory time provided by said statute had expired. After the statutory time for appeal had elapsed, the appellant filed in the office of the county court an application for extension of time to perfect an appeal under Section 30-26-06, NDCC.

The county court on the same day summarily granted the application and entered its ex parte order extending the time for perfecting the appeal. Within the time extended, the appellant mailed a copy of

the notice of appeal to all of the parties by registered mail and filed an affidavit of mailing with registry receipts attached.

The appellee, Erbele, filed a notice of appeal from the order of the county court extending the time for perfecting the appeal. It does not appear that this appeal has been disposed of in the courts as a separate appeal, but the order extending the time for perfecting the appeal was considered by the court in the motion for dismissal of the appellant's appeal to the district court.

There were two motions made for dismissal of appellant's appeal to the district court, each made by the appellee. By agreement of counsel, these motions were presented and argued together as one motion. Both motions were noticed for hearing after the date of the county court's ex parte order extending the time for perfecting the appeal, and after the date to which such time was extended.

Following the hearing on the combined motions for dismissal of the appeal, the district court entered its order, dated September 30, 1960, dismissing the appeal. A copy of this order was served upon the attorneys for the appellant. However, the original order was not filed in the office of the clerk of the district court for some time. Prior to its filing the appellant made application for and obtained a rehearing in the district court.

At the rehearing the appellant introduced the written admission of service from Rolf D. Glerum, one of the parties respondent in the appeal to the district court, in which he admitted timely delivery of a copy of a notice of appeal from the county court to the district court. Upon inquiry the district court was advised by the attorney for the appellant that he had sent the admission of service to Mr. Glerum, that it had not been returned until after the hearing on the motion for dismissal, and that he had not regarded it as of much conse-

quence until he was studying procedure for an appeal to the Supreme Court.

The district court in its second memorandum decision on the rehearing found that the admission of service had not been sent the respondent Glerum until September 27, 1960, long after the time for appeal from the county court had expired. Thereafter, to wit, on December 13, 1960, the order dismissing the appeal originally entered by the court on September 30, 1960, was filed and docketed in the office of the clerk of the district court. Whereupon appellant took the instant appeal.

The appeal to this court is taken from the whole of the order dismissing the appeal from the order of the county court admitting will to probate. The order dismissing the appeal was grounded on the finding that the appeal was not properly taken as provided by law and that the district court was without jurisdiction.

The appellant specifies as error of law:

1. The court erred in determining that the appeal of the county court was not properly taken.

2. The court erred in determining that the county court was without power to extend the time for perfecting the appeal.

3. The court erred in determining that the court was without jurisdiction of the appeal.

4. The court erred in passing upon the validity of the order of the county court in a collateral proceeding.

5. The court erred in determining that none of the respondents had been served with notice of appeal.

6. The court erred in entering its order dismissing the appeal.

The party who makes a motion has the burden of sustaining the grounds thereof. A party who moves for a dismiss-

al of an appeal from the county court, on the grounds that the appeal was not timely nor properly perfected, has the burden of showing from the records the facts necessary to sustain the verdict. Colwell v. Union Central Life Ins. Co., 59 N.D. 768, 232 N.W. 10, 88 A.L.R. 409. There is no evidence and no claim that the notices of appeal mailed, by ordinary mail, were not received. For the purpose of considering the questions involved, we may assume the notices of appeal mailed, by ordinary mail, were received in the due course of the mails by each of the parties.

The appellant's contention that the notices of appeal were served in a manner provided by law requires a consideration of the laws of the State relating to service of such notice.

Chapter 30–26, NDCC, relates to appeals from the county court to the district court.

"Any party to a proceeding in county court, * * * who deems himself aggrieved by a decree or any order affecting a substantial right made by a county court, may appeal to the district court of the same county." Section 30–26–01, NDCC.

"Each person * * * who has or claims in the subject matter of a decree or order made by the court a right or interest which is affected by an appeal, must be made a party to the appeal." Section 30–26–02, NDCC.

"To effect an appeal, the appellant must cause a notice of the appeal to be served on each of the other parties and must file such notice with the proofs of service, and an undertaking for appeal, in the county court, within thirty days from and after the date of the order or decree. If the party taking an appeal files such notice and announces the filing orally in open court at the time the decision is given, no other or further service of the notice is necessary." Section 30–26–03, NDCC.

Said chapter, 30–26, NDCC, does not specify the manner of service of notice of appeal on an appeal from the county court to the district court. However, Chapter 30–02 of the title "Judicial Procedure, Probate" provides:

"All citations, notices, and papers of every kind required to be served by the provisions of this title shall be served in the manner provided by sections 30–02–09, 30–02–10, and 30–02–11." Section 30–02–12, NDCC.

The said Sections 30–02–09, 30–02–10, and 30–02–11, provide for three modes of service of citations in the county court: (1) By personal service; (2) By publication; and (3) By registered or certified mail. Section 30–02–19 provides for service upon an attorney of record.

"If any person upon whom service is required to be made has an attorney of record in the case, service may be made upon such attorney. Such service shall be deemed service on the person represented by the attorney."

These are the only statutory provisions that apply to service on notice of appeal in perfecting an appeal from the county court to the district court. By the clear and explicit language of Section 30–02–12, supra, it is clear that Sections 30–02–09, 30–02–10, and 30–02–11, providing for the three modes or methods of making service, apply as the manner of making service of a notice of appeal. This court has previously so held In re McIntyre's Estate, 78 N.D. 10, 47 N.W.2d 527. It is equally clear that these sections govern as to the manner of making service upon an attorney of record in the case.

The North Dakota Rules of Civil Procedure, made effective July 1, 1957, govern the procedure in the district courts with the exceptions stated in Rule 81. Rule 81 provides that the rules do not supersede the provisions of the statutes relating to appeals to or review by the district court, but shall govern procedure and practice

relating thereto insofar as the rules are not inconsistent with such statutes. Rule 5(b), N.D.R.Civ.P., provides when service may be made upon the attorney representing a party. It states that service made by mail is complete upon mailing. Rule 5(b) does not set forth that the mailing must be by registered or certified mail. To construe that the rule would be applicable to the service of a notice of appeal upon an attorney of record in an appeal from the county court to the district court would, therefore, be inconsistent with the statutes pertaining to appeals from the county court to the district court.

■ Thus the provisions of the Rules of Civil Procedure in the district courts, pertaining to service upon an attorney, are not applicable as to the mode of service of a notice of appeal on an appeal from the county court to the district court.

■ At this point we pause to point out that the statute, permitting service upon an attorney of record in a probate proceeding in the county court, was amended after the decision of this court in the case of In re Bratcher's Estate, 76 N.D. 194, 34 N.W.2d 825. This decision, insofar as it pertains to the service of a notice of appeal upon the attorney of record, is no longer applicable. We conclude that service of a notice of appeal from the county to the district court may be served upon an attorney of record in the case and that such service shall be deemed service on the person represented by the attorney served. However, the service upon the attorney must be made in accordance with the provisions of the statutes and in the mode provided in Sections 30–02–09, 30–02–10, or 30–02–11, NDCC.

We come now to the question of whether or not the appellant had obtained service upon some of the parties respondent, a jurisdictional prerequisite to the county court's granting of an ex parte order extending the time for perfecting service pursuant to Section 30–26–06, supra. The appellant had seasonably mailed a notice of appeal, from the county court to the district court, to the attorney of record for the petitioner and to all of the parties respondent except one. The mailing, however, was by ordinary mail. Due proof of mailing was made in the form of an affidavit filed with the county court. About a month after the time for appeal had expired, the appellant made application to the county court for an extension of time in which to perfect the appeal. The appellant sets forth the above facts and stated that through inadvertence and mistake, said notices were mailed by ordinary mail instead of by registered mail as required by law. He also averred the appeal was taken in good faith, that the proceedings had with reference to service were likewise in good faith, and that the notices were duly received by the parties involved. Upon this application the county court extended the time to perfect the appeal and the appellant mailed notices of appeal by registered mail within the time provided by the order.

If the county court had jurisdiction to extend the time for service of the notice, the appeal was perfected and jurisdiction attached because service upon all of the parties respondent was made by mailing by registered mail in accordance with the terms of the statute (Section 30–02–11, NDCC), and the provisions of the order.

■ The appellant argues that the district court, in considering the motion for dismissal of the appeal from the county court to the district court, could not consider the question of the validity of the county court's order extending the time in which to perfect the appeal because it would constitute a collateral attack; that the orders of the county court within its jurisdiction and in conformity with statutory authority are entitled to the same faith and credit as judgments of other courts of record, and cites in support thereof Section 27–07–39, NDCC, and several cases which appellant claims support his

theory. He argues that its validity may be considered only on direct appeal. We cannot agree with this argument. In the first place, the application for the extension of time and the county court's order extending the time in which to perfect service was certified by the county judge to the district court as a part of the transcript on appeal, and must be considered in the same category as the notice of appeal, the proof of service and the undertaking when reviewed by the district court on a motion for dismissal on jurisdictional grounds. Secondly, the attack on the order extending the time in which to perfect the appeal is on jurisdictional grounds. Did the county court have jurisdiction under the authorizing statute to make the order? If the county court did not have jurisdiction of the subject matter disclosed by an inspection of the record alone, such order is subject to attack collaterally where its validity is questioned. 30A Am.Jur., Judgments, Sections 880 and 889; Bartell v. Morken, N.D., 65 N.W.2d 270, 46 A.L.R.2d 1353; Union Storage & Transfer Co. v. Smith, 79 N.D. 605, 58 N.W.2d 782.

Our statute, Section 30–26–06, NDCC, provides:

"When an appellant from a decree or an order of a county court *seasonably and in good faith serves a notice of appeal on some of the parties,* but through mistake or excusable neglect fails to obtain service on all, * * * the county court, upon proof of the facts by affidavit, may extend the time for perfecting the service * * * upon such terms as justice requires." (Emphasis ours.)

■ The jurisdiction of the county court to extend the time for service of a notice of appeal is bottomed on the fact that valid service has been made upon some of the parties in accordance with the mode of service provided by the statutes. It is a jurisdictional requirement. Application for extension of time for service of the notice of appeal cannot be entertained by the county court in the absence of a showing of seasonable and good faith service upon some of the parties.

■ We will now consider whether or not the order of the county court extending the time in which to make service discloses the necessary jurisdictional facts. The county court's order states the appellant served notice of appeal and filed such notice and undertaking and in all things proceeded in good faith. It then admits the jurisdictional defect when it states "but through inadvertence and mistake caused copies of such Notice to be served by ordinary mail instead of by registered mail." The application and the record on appeal discloses the mailing was by ordinary mail. This was not sufficient to confer jurisdiction.

Probate procedure, including that applicable to appeals from the county court to the district court, is wholly statutory. Substantial compliance is required.

"The county court must have jurisdiction not only of the parties and the subject matter but must also substantially follow the statute in the exercise of its powers to render validity to its decrees." In re Anderson's Estate, 76 N.D. 163, 34 N.W.2d 413.

We now examine the statutes. The three methods of obtaining service of a notice of appeal in an appeal from the county to the district court, as we stated earlier in this opinion, are provided by Sections 30–02–09, 30–02–10, and 30–02–11. Section 30–02–09 provides for personal service.

"Except as otherwise provided in section 30–02–11, a citation in county court must be served personally upon each respondent who resides within the county in which the proceeding is pending. Such service shall be made at least ten days before the day fixed

for the hearing, in the manner prescribed for the service of a summons by title 28, Judicial Procedure, Civil. Personal service may be made in like manner upon any respondent residing within the state outside the county, and upon any person residing outside the state."

Section 30–02–10 provides for service by publication.

"A citation in county court may be served by publication upon a respondent residing outside the county whether residing within or without the state, but service by publication upon any such party shall not be necessary if he has been served personally in the manner prescribed by section 30–02–09. Such service by publication shall be made by publishing the citation once each week, for two successive weeks, in some newspaper printed in the county, if there is one, and if none is printed in the county, then a newspaper printed in an adjoining county in the state. Service shall be deemed complete with the last publication. Ten days shall elapse thereafter before the day of hearing. In case of service by publication, the petitioner or his attorney, at least ten days prior to the date of hearing, shall cause to be mailed to each respondent whose address is known, a copy of the citation published. An affidavit of mailing shall be sufficient proof of such mailing. No defect in any notice, nor in the publication or service thereof, shall invalidate any proceedings had or taken after the court has acquired jurisdiction of the parties."

Section 30–02–11 provides how service shall be made by mail.

"A citation upon a petition for letters of administration, letters testamentary, letters of administration with the will annexed, probate of foreign will, a decree establishing heirship, and letters of guardianship must be served as provided in sections 30–02–09 and 30–02–10. Service of every other citation required to be made by this title may be made by mailing a copy thereof, postage prepaid, at least fifteen days before the day fixed therein for hearing, to each of the respondents by registered or certified mail. The filing of an affidavit of mailing shall be prima facie proof of service upon the party to whom such citation was mailed."

It is clear that service was not obtained in accordance with the provisions of Section 30–02–11 for the reason that mailing was not by registered or certified mail. It is also clear it was not in accordance with Section 30–02–10 as there is no record of publication.

Appellant argues that under Sections 30–02–09 and 30–02–10, personal service is always sufficient and that it has been held that service by mail is equivalent to personal service where the notice is actually received. Section 31–11–03, subd. 24. NDCC, is a disputable presumption providing "That a letter duly directed and mailed was received in the regular course of the mail;". No evidence having been introduced to contradict the presumption, we may assume in this case it was established that the notices were received. The appellant cites several cases holding that a paper served by mail, which actually comes into the hands of the person to be served within the time required for personal service, is equivalent to personal service on that date. An examination of the cases cited discloses they are not applicable here. In one case cited, service by ordinary mail was authorized by statute. In another, the court, having properly obtained jurisdiction in a divorce matter, retained jurisdiction pertaining to alimony and directed service by mail. The third case involved the service of notice of default on a lessee pursuant to the provisions of a lease. The fourth

involved notice to the motor vehicle registrar where by statute the dealer who sold an automobile must notify the registrar of the transfer to relieve himself from liability for buyer's negligence in the operation of the automobile.

▊ Cases of this type are not applicable here. We have found no cases and none have been cited to us holding that the mailing of a paper, which is received, satisfies a statute requiring service of the paper by personal service in the manner prescribed for the service of a summons. A notice of appeal is not process. Pursuant to our statute, if a notice of appeal is to be served by personal service, as provided in Section 30–02–09, it must be served in the manner prescribed for the service of a summons which is process. The rules or the statutes provided for such service under the title "Judicial Procedure, Civil" are made to govern by the wording of the statute. Section 30–02–09, NDCC. This section provides service shall be made "in the manner prescribed for the service of a summons by title 28, Judicial Procedure, Civil."

By adoption of the North Dakota Rules of Civil Procedure effective July 1, 1957, it is provided in Rule 4(d) that personal service shall be made "by delivering a copy of the summons to him personally." Rule 4(d) superseded Sections 28–0601 and 28–0616 of the North Dakota Revised Code of 1943, which sections provided for the service of a summons under Title 28 of our Code, Judicial Procedure, Civil, before the adoption of the rules. An examination of the statutes superseded states service of summons shall be made "by delivering a copy thereof to the person or persons designated." Therefore, whether or not the rule superseded the statute for the purpose of interpreting Section 30–02–09 is unimportant to this case. The same requirements are provided by the statute and the rule. Is the requirement of the statute met by mailing on the theory that when the paper is received, it is the equivalent

to personal service on that date? We think not.

"Where a statute or rule of court provides for service by delivery of a copy of the process, the copy should be delivered to, and left with, the defendant personally by one authorized to serve it.

\* \* \* \* \* \*

"*By mail.* Personal service cannot be made by mail." 72 C.J.S. Process § 36(a).

"Personal service of process means the actual or direct delivery of the summons or a copy thereof to the person to whom it is directed or to someone who is authorized to receive it in his behalf." 42 Am.Jur., Process, Sec. 48.

"Nor, in the absence of statutory authorization, may personal service be effected by mail, \* \* \*." 42 Am. Jur., Process, Sec. 55.

This court has previously adhered to this construction. Rhode Island Hospital Trust Co. v. Keeney, 1 N.D. 411, 48 N.W. 341; Clyde v. Johnson, 4 N.D. 92, 58 N.W. 512; First National Bank of Casselton v. Holmes, 12 N.D. 38, 94 N.W. 764; McKenzie v. Boynton, 19 N.D. 531, 125 N.W. 1059; Stubbs v. Hoerr, 20 N.D. 26, 125 N.W. 1062; Garske v. Hann, 48 N.D. 42, 182 N.W. 933.

▊ At the rehearing the appellant submitted written admission of service signed by one of the parties respondent, which admission of service was admittedly obtained subsequent to the time the county court made its order extending the time to perfect the appeal. The admission of service serves no purpose here to give the county court jurisdiction at the time it acted. It cannot serve to confer jurisdiction upon the county court at a later date when it in fact had no jurisdiction at the time of the proceeding that is attacked. It does not give validity to the county court's order. The county

court's jurisdiction of the subject matter, to wit, the extension of time for perfection of service, is dependent upon seasonable and good faith service of the notice of appeal upon some of the parties. This is made a jurisdictional requirement by statute. 30–26–06, supra.

In the absence of this requirement the county court does not have jurisdiction of the subject matter. Where the court has no jurisdiction of the subject matter on which it assumes to act, its proceedings are absolutely void in the strictest sense of the term. 14 Am.Jur., Courts, Sec. 191; Knudsen v. Lyons, 79 N.D. 595, 58 N.W.2d 845. It follows the appellant has not made valid service upon any of the parties and the district court is without jurisdiction in the attempted appeal.

Having found the appeal ineffective, there is in fact no appeal. However, the records of the county court were filed by the judge thereof with the clerk of the district court. The practice with respect to such attempted appeals has not been uniform and they sometimes have been "dismissed." But as such, dismissals should be without prejudice and the form of the order may not be material. However, we think in a case such as this, motions to strike from the record or purge the record should be encouraged and that even if the motion made by the appellee is to dismiss an appeal as having no existence, this court should treat it as a motion to strike the cause from the records of the court. The motion is so treated and the cause ordered stricken from the appeal record of the district court. The clerk of the district court is directed to return all papers certified up to that court, except the notice of appeal, proofs of service and undertaking, back to the county court, together with a copy of the district court's order striking the appeal.

For the reasons stated, the order dismissing the appeal is modified to the extent that it shall be considered as an order striking the appeal from the record and directing the return of the record designated to the county court. As so modified, it is affirmed.

SATHRE, C. J., and STRUTZ, MORRIS and BURKE, JJ., concur.